UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| In re:<br><br>COURTNEY B. WILLIAMS<br>DEENA L. WILLIAMS<br><br>Debtors | Chapter 7<br><br>Case No. 08-02284-8-JRL |
| James B. Angell, Chapter 7 Trustee for<br>COURTNEY B. WILLIAMS<br>DEENA L. WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM R. ECHOLS, TRUSTEE and<br>WELLS FARGO BANK, N.A., BENEFICIARY<br>Under that Deed of Trust recorded at Book 2199,<br>page 477, Brunswick County Register of Deeds<br><br>Defendants | Adversary Proceeding<br><br>No. 08-00099-8-JRL |

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

NOW COMES James B. Angell, Chapter 7 Trustee for Courtney B. Williams and Deena Williams ("Plaintiff" or "Trustee"), by and through undersigned counsel, and files this Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment on Plaintiff's prayer to determine the validity, priority and extent of a lien in the name of William R. Echols, Trustee, and Wells Fargo Bank, N.A. ("Defendants) and, in support hereof, state as follows:

**STATEMENT OF FACTS**

On November 12, 2004, Mr. and Mrs. Courtney and Deena Williams, who filed a joint petition in this case (the "Debtors"), purchased the property at 108 Sellers Street, Oak Island, North Carolina, described as "LOT NUMBER TWO (2) Block Z, Oak Island (formerly Yaupon Beach), as shown by plat recorded in the Office of the Register of Deeds for Brunswick County, North Carolina in Plat Book 4, Page 40" (herein referred to as the "Property")(McInnes Aff. ¶ 4,

*see also* Deed attached to the Complaint as Exhibit A). Both husband and wife are named on the Deed as Grantees.

On July 27, 2005 a Deed of Trust was recorded with the Brunswick County Register of Deeds purporting to grant a security interest in the Property from Courtney B. Williams, the Borrower, to Wells Fargo Bank, the Lender (Book 2199, Page 477, Brunswick County Register of Deeds)(McInnes Aff. ¶ 5, *see also* Deed of Trust attached to the Complaint as Exhibit B). The Deed of Trust, however, was only signed by Courtney B. Williams and not by his wife, Deena Williams.

The Plaintiff petitions the court that this omission was a fatal flaw in the execution of the Deed of Trust because it attempted to convey an interest in a property held by the Debtors as tenants by the entireties without the signature and assent of both spouses.

## ARGUMENT

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)). See also FED. R. BANKR. P. 7056 (incorporating FED. R. CIV. P. 56 in adversary proceedings.) In deciding whether to grant a motion for summary judgment, the court resolves all conflicts by "viewing all facts and inferences to be drawn from the facts in the light most favorable to the nonmoving party." Eborn v. Sawyer (In re Sawyer), 192 B.R. 671, 673 (Bankr. E.D.N.C. 1995) (citing United States v. Diebold, Inc., 269 U.S. 654, 655 (1962)). However, a party opposing a motion for summary judgment may not rely upon the mere allegations of its pleadings, but must instead set forth, by affidavit or otherwise, specific facts showing that a genuine issue exists for trial. FED. R. BANKR. P. 7056 (incorporating FED. R. CIV. P. 56 in adversary proceedings). Thus, summary judgment should be granted when "the evidence is such that a reasonable jury could

[not] return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

**The Deed of Trust did not create a valid lien or secured interest against the Property.**

The Property is deeded to Courtney B. Williams and Wife, Deena L. Williams in the Deed. When the conveyance of real property is made to a named man "and wife," the conveyance vests title in such married individuals as tenants by the entirety. N.C. Gen. Stat. §39-13.6(b). Thus Mr. and Mrs. Williams owned the Property as tenants by the entirety.

When a property is owned by husband and wife as tenants by the entirety, "[n]either spouse may . . . mortgage, transfer, convey or in any manner encumber [the property] . . . without the written joinder of the other spouse." N.C. Gen. Stat. §39-13.6(a). Simply put, the assent of both the husband and the wife are required to encumber any interest in property that is held as tenants by the entirety. See Moore v. Shore, 208 N.C. 446, 448, 181 S.E. 275, 276 (1935) ("[I]t is . . . well settled as to tenants by the entireties that 'neither can convey during their joint lives so as to bind the other or defeat the right of the survivor to the whole estate' and that 'neither could encumber it or convey it so as to destroy the right of the other, if survivor, to receive the land itself unimpaired.'" (internal citations omitted)). See also Harrell v. Powell, 251 N.C. 636, 112 S.E.2d 81 (1960); Willis v. Willis, 203 N.C. 517, 166 S.E. 398 (1932); First Nat'l Bank v. Hall, 201 N.C. 787, 161 S.E. 484 (1931); Capps v. Massey, 199 N.C. 196, 154 S.E. 52 (1930); Davis v. Bass, 188 N.C. 200, 124 S.E. 566 (1924); Gray v. T.B. Bailey, 117 N.C. 439, 23 S.E. 318 (1895).

Furthermore, the Trustee has the status under 11 U.S.C. §544(a)(3) of a bona fide purchaser of the Property. As a hypothetical bona fide purchaser, the trustee under this subsection is deemed to have conducted a title search, paid value for the property and perfected its interest as a legal title holder as of the date of the commencement of the case. In re Bridge, 18 F.3d 195, 204 (3rd Cir. 1994). The rights of the trustee are therefore based on the status of the public record.

The Defendant cannot claim lack of knowledge or notice about the marital status of Mr. Williams. The Deed of Trust itself acknowledges him as such by indicating the Borrower as "Courtney B. Williams, A Married Person". However, because the Deed of Trust did not include the assent of both Mr. and Mrs. Williams, as required by both North Carolina statutory and case law, it was not effective to encumber the Property and did not create a valid security interest or lien on the Property.

## CONCLUSION

The Deed of Trust recorded at the Register of Deeds in Brunswick County, North Carolina and executed by Mr. Courtney Williams in an attempt to encumber the Property and secure a mortgage to the Defendant was ineffective. It attempted to encumber a property which is held by the Debtors as tenants by the entireties. Under North Carolina law, any property held in that manner requires the assent of both spouses to encumber or transfer an interest in such property. Only the assent of Mr. Williams, and not Mrs. Williams, was included in the Deed of Trust. The omission of Mrs. Williams rendered such Deed of Trust ineffective to transfer a security interest in the Property and the Deed of Trust is therefore void as against the Trustee as a matter of state law.

WHEREFORE, the Trustee prays that the Court enter an order granting the Plaintiff's Motion for Summary Judgment against the Defendant and for such other and further relief as may be just and proper.

This the 30th day of June, 2008.

HOWARD, STALLINGS, FROM & HUTSON, P.A.

By: _____
James B. Angell
State Bar No. 12844
P.O. Box 12347
Raleigh, North Carolina 27605
Telephone: 919-821-7700
Facsimile: 919-821-7703