UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| IN RE: <br><br> COURTNEY B. WILLIAMS and <br> DEENA L. WILLIAMS, <br><br> Debtors, | **Chapter 7** <br><br> **Bankruptcy Case No.: 08-2284-8-JRL** |
| JAMES B. ANGELL, Chapter 7 Trustee for COURTNEY B. WILLIAMS and DEENA L. WILLIAMS, <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM R. ECHOLS, TRUSTEE and WELLS FARGO BANK, N.A. BENEFICIARY Under that Certain of Trust recorded at Book 2199, page 477, Brunswick County Register of Deeds, <br><br> Defendants / Third-Party Plaintiffs, <br><br> v. <br><br> STATE EMPLOYEES' CREDIT UNION, PHILIP E. GREER, Trustee, SHERVIN TAHSSILI, SANDMAN & ROSEFIELDE-KELLER, Trustee, DIANA D. LOREY, MATTHEW G. NESTOR, Trustee, BRANCH BANKING & TRUST COMPANY, BB&T COLLATERAL SERVICE CORPORATION, Trustee, THE BROOK FAMILY TRUST, JAMES R. PREVATTE, JR., Trustee, COURTNEY B. WILLIAMS and DEENA L. WILLIAMS, <br><br> Third-Party Defendants. | **Adversary Proceeding No.: 08-00099-8-JRL** |

**ANSWER, COUNTERCLAIMS AND THIRD-PARTY COMPLAINT**

NOW COME Defendants, WILLIAM R. ECHOLS, TRUSTEE and WELLS FARGO BANK, N.A. BENEFICIARY Under that Certain of Trust recorded at Book 2199, page 477, Brunswick County Register of Deeds ("Defendants"), through counsel, and in response to the Complaint of Plaintiff JAMES B. ANGELL, Chapter 7 Trustee for COURTNEY B. WILLIAMS and DEENA L. WILLIAMS ("Plaintiff" or "Trustee") allege and say as follows:

**FIRST DEFENSE**

Defendants, responding to the numbered allegations of the Plaintiff's Complaint, say:

1. The allegations contained in Paragraph 1 of the Plaintiff's Complaint are admitted upon information and belief.

2. No response is required to the allegations contained in Paragraph 2 of the Plaintiff's complaint. To the extent a response is required, the allegations contained in Paragraph 2 of the Plaintiff's complaint are admitted upon information and belief.

3. No response is required to the allegations contained in Paragraph 3 of the Plaintiff's complaint. To the extent a response is required, the allegations contained in Paragraph 3 of the Plaintiff's complaint are admitted upon information and belief.

4. No response is required to the allegations contained in Paragraph 4 of the Plaintiff's complaint. To the extent a response is required, the allegations contained in Paragraph 4 of the Plaintiff's complaint are admitted upon information and belief.

5. In response to the allegations contained in Paragraph 5 of the Plaintiff's Complaint, Defendants admit that the document attached to the Plaintiff's Complaint as **Exhibit A** is recorded among the public land records of Brunswick County, North Carolina at Book 2042, Page 197. Except as admitted, the document attached to the Plaintiff's Complaint speaks

for itself and requires no response. To the extent a response is required, the remaining allegations contained in Paragraph 5 of the Plaintiff's Complaint are denied.

6.   In response to the allegations contained in Paragraph 6 of the Plaintiff's Complaint, Defendants admit that the Debtors borrowed the sum of $650,000.00 from the Defendant WELLS FARGO, and that in connection therewith, intended to grant a valid and enforceable deed of trust encumbering the Property as security for the repayment of said loan amount. It is further admitted that a deed of trust to Defendant WILLIAM R. ECHOLS, TRUSTEE relating to the $650,000.00 loan from WELLS FARGO to the Debtors is recorded in Book 2199, Page 477 of the Brunswick County public land records and that a copy of said document is attached to the Complaint as **Exhibit B**. Except as specifically admitted, the remaining allegations contained in Paragraph 6 of the Plaintiff's Complaint are denied.

7.   The allegations contained in Paragraph 7 of the Plaintiff's Complaint are admitted, upon information and belief, insofar as it is alleged that the Debtors made certain payments to the Defendant WELLS FARGO during the ninety (90) day period prior to the Petition Date in relation to the $650,000.00 loan referenced above. Except as specifically admitted, the remaining allegations contained in Paragraph 7 of the Plaintiff's Complaint are denied.

## COUNT I
(Validity, Priority and Extent of Lien)

8.   The Defendants responses to the allegations set forth in Paragraphs 1 through 7 above are incorporated herein by reference in their entirety.

9.   The allegations contained in Paragraph 9 of the Plaintiff's Complaint are legal conclusions to which no response is required. To the extent a response is required to any allegation contained in Paragraph 9 of the Plaintiff's Complaint, all such allegations are denied.

10. The allegations contained in Paragraph 10 of the Plaintiff's Complaint are denied.

## COUNT II
(Avoidance and Recovery of Preferential Transfer Pursuant to 11 U.S.C. §§547, 551 and 551)

11. The Defendants responses to the allegations set forth in Paragraphs 1 through 10 above are incorporated herein by reference in their entirety.

12. The allegations contained in Paragraph 12 of the Plaintiff's Complaint are legal conclusions to which no response is required. To the extent a response is required to any allegation contained in Paragraph 12 of the Plaintiff's Complaint, the Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and the same are therefore denied.

13. The allegations contained in Paragraph 13 of the Plaintiff's Complaint are legal conclusions to which no response is required. To the extent a response is required to any allegation contained in Paragraph 13 of the Plaintiff's Complaint, it is admitted that the Defendant WELLS FARGO is a creditor of the Debtors, however the Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and the same are therefore denied.

14. The allegations contained in Paragraph 14 of the Plaintiff's Complaint are legal conclusions to which no response is required. To the extent a response is required to any allegation contained in Paragraph 14 of the Plaintiff's Complaint, it is admitted that the Defendant WELLS FARGO is a creditor of the Debtors, however the Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and the same are therefore denied.

15. The allegations contained in Paragraph 15 of the Plaintiff's Complaint are legal conclusions to which no response is required. To the extent a response is required to any

allegation contained in Paragraph 15 of the Plaintiff's Complaint, the Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and the same are therefore denied.

16. In response to the allegations contained in Paragraph 12 of the Plaintiff's Complaint, the Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and the same are therefore denied.

17. The allegations contained in Paragraph 17 of the Plaintiff's Complaint are denied.

18. The allegations contained in Paragraph 18 of the Plaintiff's Complaint are denied.

## SECOND DEFENSE
(11 U.S.C. §547(c))

In defense of the allegations of the Complaint, the Defendants raise the provisions of 11 U.S.C. §547(c), specifically including, without limitation, 11 U.S.C. §547(c)(2) – that the alleged preferential transfers were made in the ordinary course of the business affairs of the Debtors and the Defendant WELLS FARGO.

## THIRD DEFENSE
(Secured Creditor)

In defense of the allegations of the Complaint, by virtue of the Deed of Trust, WELLS FARGO is a secured creditor of the Debtors and all payments received by WELLS FARGO from the Debtors were payments relating to the same. Thus, none of the payments received from the Debtors were preferences within the meaning of 11 U.S.C. §547.

## FOURTH DEFENSE – COUNTERCLAIM and THIRD-PARTY COMPLAINT

Defendants, as a further defense to the allegations of the Plaintiffs Complaint and by way of Counterclaim, and additionally as a Third-Party Complaint against the above-named parties, allege and say:

5

1. The Defendants responses and defenses to the allegations of the Plaintiff's Complaint set forth hereinabove are incorporated herein by reference in their entirety.

2. Upon information and belief, Third-Party Defendant STATE EMPLOYEES' CREDIT UNION, ("SECU") is a corporation organized and existing under the laws of the State of North Carolina and is the owner and holder of a certain deed of trust recorded in Book 2199, Page 497 of the Brunswick County Public Registry (the "SECU DOT"). Third-Party Defendant PHILIP E. GREER, Trustee ("Greer") is the named trustee under the SECU DOT. **Both SECU and Greer are named as parties to this action solely for the reason that SECU appears to hold a record interest in the Property by virtue of the SECU DOT**.

3. Upon information and belief, Third-Party Defendant SHERVIN TAHSSILI, ("Tahssili") is a citizen and resident of the State of North Carolina and is the owner and holder of a certain deed of trust recorded in Book 2524, Page 1181 of the Brunswick County Public Registry (the "Tahssili DOT"). Third-Party Defendant SANDMAN & ROSEFIELDE-KELLER, Trustee ("S&R") is the named trustee under the Tahssili DOT. **Both Tahssili and S&R are named as parties to this action solely for the reason that Tahssili appears to hold a record interest in the Property by virtue of the Tahssili DOT.**

4. Upon information and belief, Third-Party Defendant DIANA D. LOREY, ("Lorey") is a citizen and resident of the State of North Carolina and is the owner and holder of a certain deed of trust recorded in Book 2720, Page 1123 of the Brunswick County Public Registry (the "Lorey DOT"). Third-Party Defendant MATTHEW G. NESTOR, Trustee ("Nestor") is the named trustee under the Lorey DOT. **Both Lorey and Nestor are named as parties to this action solely for the reason that Lorey appears to hold a record interest in the Property by virtue of the Lorey DOT.**

5. Upon information and belief, Third-Party Defendant BRANCH BANKING & TRUST COMPANY, ("BB&T") is a corporation organized and existing under the laws of the State of North Carolina and is the owner and holder of a certain un-cancelled deed of trust recorded in Book 1935, Page 10 of the Brunswick County Public Registry (the "BB&T DOT"). Third-Party Defendant BB&T COLLATERAL SERVICE CORPORATION, Trustee ("BB&T Collateral") is the named trustee under the BB&T DOT.

6. Upon information and belief, Third-Party Defendant THE BROOK FAMILY TRUST, ("Brook") is a trust existing under the laws of the State of California and is the owner and holder of a certain un-cancelled deed of trust recorded in Book 1980, Page 305 of the Brunswick County Public Registry (the "Brook DOT"). Third-Party Defendant JAMES R. PREVATTE, JR., Trustee ("Prevatte") is the named trustee under the Brook DOT.

7. COURTNEY B. WILLIAMS and DEENA L. WILLIAMS (collectively the "Debtors") are the Debtors in the above-captioned bankruptcy proceeding and are the current record owners of the Property.

## GENERAL ALLEGATIONS

8. The allegations of the preceding paragraphs of the Defendant/Third-Party Plaintiff's counterclaim/third-party complaint are incorporated herein by reference.

9. The Debtors acquired title to the Property from Capital Improvements of NC, LLC by deed dated November 12, 2004 and recorded on the same day in Book 2042, Page 197 of the Brunswick County Registry (the "Deed").

10. Upon information and belief, in connection with the transaction resulting in the recordation of the Deed, the Debtors borrowed the sum of $650,000.00 from BB&T in order to fund and otherwise consummate the purchase transaction. In connection with that loan, the

7

Debtors granted BB&T a deed of trust upon the Property in the amount of $650,000.00, such deed of trust having been recorded immediately following the Deed in Book 2042, Page 199 of the Brunswick County Registry (the "BB&T Purchase Money DOT").  The BB&T Purchase Money DOT was executed by both the Debtors.

11. Upon information and belief, funds loaned to the Debtors under the BB&T Purchase Money DOT were intended to be used, and were actually used, to satisfy all liens outstanding on the Property at the time of said transaction including, without limitation, the BB&T DOT and the Brook DOT, as herein defined.

12. Defendants/Third-Party Plaintiffs are further informed and believe that the obligations secured by both the BB&T DOT and the Brook DOT have been paid and satisfied in full but both deeds of trust mistakenly remain on record as un-cancelled liens upon the Property.

13. On or about July 22, 2005, at the insistence of and for the benefit of the Debtors, WELLS FARGO made the Debtors a loan in the amount of $650,000.00 (the "Loan").

14. The Loan was evidenced by a promissory note dated July 22, 2005 in the original principal amount of $650,000.00 (the "Note").

15. The repayment of the Note was secured by a deed of trust dated July 22, 2005 and recorded July 27, 2005 in Book 2199, Page 477 of the Brunswick County Registry - the "Deed of Trust" as defined in the Plaintiff's Complaint.  A true and accurate copy of the Deed of Trust is attached to the Plaintiff's Complaint as **Exhibit A**, and the same is incorporated herein by reference.

16. At the time of the making of the Loan, it was the intent of all parties to the transaction that the Deed of Trust encumber the entire fee simple interest in the Property in exchange for the agreement by WELLS FARGO to make the Loan for the benefit of the Debtors.

8

17. The $650,000.00 in funds advanced for the benefit of the Debtors by WELLS FARGO under the Loan were intended by all parties to be used for the express purpose of paying, fully satisfying and discharging of record the prior lien of the $650,000.00 BB&T Purchase Money DOT.

18. All parties to the Loan transaction, including the Debtors and WELLS FARGO, understood and expected that, following the recordation of the Deed of Trust, WELLS FARGO was to have a first-priority lien upon the entire fee simple interest in the Property, in place and instead of the BB&T Purchase Money DOT.

19. The $650,000.00 in funds advanced for the benefit of the Debtors by WELLS FARGO were actually used to discharge the outstanding lien of the BB&T Purchase Money DOT of record as evidenced by the certificate of satisfaction of such prior lien attached hereto and incorporated herein by reference as **Exhibit 1**.

20. In the Book and Page immediately following the Deed of Trust, the SECU DOT was recorded in the Brunswick County Public Registry as described above. The SECU DOT describes the Property and, on its face, indicates that it is an equity line deed of trust in the maximum amount of $390,000.00. The SECU DOT was executed by both Debtors.

21. Upon information and belief, later, but prior in time to the filing of the Debtor's Chapter 7 petition, the Debtors granted two (2) additional deeds of trust upon the Property – the Tahssili DOT and the Lorey DOT. Both such deeds of trust were executed by both of the Debtors.

22. Upon information and belief, all parties with an interest in the Property who may be affected by this litigation are parties hereto.

## FIRST CLAIM FOR RELIEF
(Quiet Title)

23. The allegations of the preceding paragraphs of the Defendant/Third-Party Plaintiff's counterclaim/third-party complaint are incorporated herein by reference.

24. Upon information and belief, funds necessary to retire the liens of both the BB&T DOT and the Brook DOT were provided to the beneficiaries of each deed of trust in connection with the transaction giving rise to the Deed.

25. Upon information and belief, both the BB&T DOT and the Brook DOT mistakenly remain of record in the Brunswick County public land records, despite having been paid and satisfied in full.

26. The Defendant/Third-Party Plaintiff WELLS FARGO is entitled to have title to the Property quieted, pursuant to N.C. Gen. Stat. §41-10, to reflect the cancellation of both the BB&T DOT and the Brook DOT of record in the Brunswick County Public Registry.

27. Additionally, as a result of a mutual mistake of WELLS FARGO and the Debtors, the female Debtor's signature does not appear on the Deed of Trust.

28. WELLS FARGO and the Debtors intended that the Deed of Trust convey the Property to WELLS FARGO as security for the repayment of the Note in connection with the Loan.

29. The Court should reform the Deed of Trust to reflect the true intent of the parties by adding the female Debtor as a grantor on the same and treating the Deed of Trust, in all respects, as if she had duly signed and her execution had been duly acknowledged effective as of July 22, 2005.

30.     Moreover, by accepting an advance of funds from WELLS FARGO in the amount of $650,000.00, the female Debtor ratified the execution of the Deed of Trust, such instrument having been granted in exchange for the advance of such funds.

31.     In the alternative, the female Debtor is estopped from denying the validity of the Deed of Trust because she accepted the benefit of the advance of funds in the amount of $650,000.00 from WELLS FARGO.

32.     Further, sufficient matters appear within the chain of title to the Property in the public records of Brunswick County to put all persons conducting a reasonably-diligent title examination on constructive and/or inquiry notice that Defendant/Third-Party Plaintiff WELLS FARGO is the owner of an interest in the Property, by virtue of the Deed of Trust.

33.     Accordingly, based upon those matters which would be revealed during the course of a reasonably-diligent examination of title to the Property on the Petition Date, despite the provisions of 11 U.S.C. §544, the Plaintiff Trustee does not occupy the status of a *bona fide* purchaser for value without notice of the Property from the Debtors, with respect to the lien of the Deed of Trust thereon.

34.     Therefore, the Court, acting pursuant to N.C. Gen. Stat. §§41-10 and 1-253 should further quiet title to the Property by finding, determining and declaring that the same is presently owned by the Debtors, subject to the valid, first-priority lien of the Deed of Trust and the other deeds of trust of record described herein in the order of priority based upon the order of their recordation in the public land records of Brunswick County, North Carolina.

## SECOND CLAIM FOR RELIEF - ALTERNATIVE
(Equitable Subrogation)

35.     The allegations of the "General Allegations" section of the Defendant/Third-Party Plaintiff's counterclaim/third-party complaint are incorporated herein by reference.

36.     In the alternative, as more fully set forth hereinabove, at the closing of the Loan relating to the Deed of Trust, WELLS FARGO expressly advanced money in order to extinguish the prior lien of the BB&T Purchase Money DOT against the Property and the $650,000.00 advanced was used for that purpose with the just expectation on the part of WELLS FARGO and the Debtors that WELLS FARGO would obtain a valid, first priority lien on the entire fee simple interest in the Property by virtue of the recorded Deed of Trust.

37.     WELLS FARGO is entitled to be equitably subrogated, as of July 27, 2005, the date of recordation of the Deed of Trust, to the rights of the BB&T Purchase Money DOT that it satisfied with the proceeds of the Loan.

### THIRD CLAIM FOR RELIEF - ALTERNATIVE
(Imposition of Constructive Trust)

38.     The allegations of the "General Allegations" section of the Defendant/Third-Party Plaintiff's counterclaim/third-party complaint are incorporated herein by reference.

39.     In the alternative, at the time funds were advanced to the Debtors by WELLS FARGO in connection with the making of the Loan under the terms and conditions set forth above, WELLS FARGO and the Debtors intended that legal title to the Property be conveyed to the Defendant Trustee for the benefit of WELLS FARGO as security for the making of the Loan, all by virtue of the Deed of Trust.

40.     Based upon the foregoing, in order to avoid unjust enrichment, WELLS FARGO is entitled to a determination that the Property has been held in a constructive trust by the Debtors for its benefit since the date of WELLS FARGO's advance of funds to the Debtors under the Loan – July 22, 2005.

41.     Accordingly, under the provisions of 11 U.S.C. §541(d), by virtue of the fact that the Property has been held in constructive trust for the benefit of WELLS FARGO since the time

of making of the Loan, only bare legal title to the Property came into the estate of the Debtors as of the Petition Date.

42. Therefore, the Court should determine that the Property has been held by the Debtors in constructive trust for the benefit of WELLS FARGO and that such trust interest is superior to any right of the Plaintiff Trustee in the Property, in accordance with the provisions of 11 U.S.C. §541(d).

**WHEREFORE**, Defendants/Third-Party pray the Court grant the following relief:

1. That the Plaintiff have and recover nothing of the Defendants; and

2. That the Court, acting pursuant to N.C. Gen. Stat. §§41-10 and 1-253, quiet title to the Property by finding and determining:

   a) that the BB&T DOT and the Brook DOT be cancelled of record in the public land records of Brunswick County, North Carolina; and

   b) that the Deed of Trust be reformed to reflect the true intent of the parties by adding the female Debtor as a grantor on the same and treating the Deed of Trust, in all respects, as if she had duly signed and her execution had been duly acknowledged effective as of July 22, 2005; and

   c) that the Property is presently owned by the Debtors, subject to the valid, first-priority lien of the Deed of Trust recorded in Book 2199, Page 477 of the Brunswick County Registry, as well as the other deeds of trust of record described herein in the order of priority based upon the order of their recordation in the public land records of Brunswick County, North Carolina; and

3. That, in the alternative, WELLS FARGO be equitably subrogated to the rights of the BB&T Purchase Money DOT as described hereinabove; and

4. That, in the alternative, the Court impose a constructive trust upon the Property in favor of WELLS FARGO, effective as of the date of the advance of funds under the Loan, and that, pursuant to 11 U.S.C. §541(d), the Court further find and determine that the interest of the Trustee in the Property is inferior to the trust interest held by WELLS FARGO therein; and

5. That the costs of this action including reasonable attorney's fees, as allowable by applicable law, be taxed to parties other than the Defendants/Third-Party Plaintiffs; and

6. That the Court grant such other and further relief as it deems just and proper.

This the 31st day of July, 2008.

/s/ Alan B. Powell
Alan B. Powell, N.C.S.B. # 17555
Christopher C. Finan, N.C.S.B. # 27820
*Attorneys for Defendants – Third-Party Plaintiffs*

OF COUNSEL:

ROBERSON HAWORTH & REESE, PLLC
300 N. Main Street; Suite 300
P.O. Box 1550
High Point, NC 27261
Telephone:  336-889-8733
Facsimile:  336-885-1280
E-mail:     apowell@rhrlaw.com
            cfinan@rhrlaw.com

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| IN RE:<br><br>COURTNEY B. WILLIAMS and<br>DEENA L. WILLIAMS,<br><br>              Debtors, | **Chapter 7**<br><br>**Bankruptcy Case No.: 08-2284-8-JRL** |
| JAMES B. ANGELL, Chapter 7 Trustee for COURTNEY B. WILLIAMS and DEENA L. WILLIAMS,<br><br>              Plaintiffs,<br><br>  v.<br><br>WILLIAM R. ECHOLS, TRUSTEE and WELLS FARGO BANK, N.A. BENEFICIARY Under that Certain of Trust recorded at Book 2199, page 477, Brunswick County Register of Deeds,<br><br>              Defendants / Third-Party<br>               Plaintiffs,<br><br>  v.<br><br>STATE EMPLOYEES' CREDIT UNION, PHILIP E. GREER, Trustee, SHERVIN TAHSSILI, SANDMAN & ROSEFIELDE-KELLER, Trustee, DIANA D. LOREY, MATTHEW G. NESTOR, Trustee, BRANCH BANKING & TRUST COMPANY, BB&T COLLATERAL SERVICE CORPORATION, Trustee, THE BROOK FAMILY TRUST, JAMES R. PREVATTE, JR., Trustee, COURTNEY B. WILLIAMS and DEENA L. WILLIAMS,<br><br>              Third-Party Defendants. | **Adversary Proceeding No.: 08-00099-8-JRL** |

## CERTIFICATE OF SERVICE

      THIS IS TO CERTIFY that the undersigned has this date served the foregoing **Answer, Counterclaims and Third-Party Complaint** in the above-entitled action upon all other parties to this cause by hand delivery, by facsimile, or by depositing a copy thereof in a postpaid wrapper in a post office or official depository under the exclusive care and custody of the United States Post Office Department, properly addressed to said parties, or the attorney or attorneys for said parties, as the case may be.

| | |
|---|---|
| Marjorie Lynch<br>U.S. Bankruptcy Administrator<br>P.O. Box 3758<br>Wilson, NC 27895-3758 | James B. Angell, Trustee<br>P.O. Box 12347<br>Raleigh, NC 27605-2347<br>*Plaintiff* |
| Courtney B. Williams<br>Deena L. Williams<br>108 Sellers Street<br>Oak Island, NC 28465<br>*Debtors* | James B. Angell, Trustee<br>P.O. Box 12347<br>Raleigh, NC 27605-2347<br>*Trustee* |
| Algernon L. Butler, Jr.<br>Butler & Butler, LLP<br>P.O. Box 38<br>Wilmington, NC 28402<br>*Attorney for Debtors* | |

      This the 31st day of July, 2008.

/s/ Alan B. Powell_____
Alan B. Powell, N.C.S.B. # 17555
Christopher C. Finan, N.C.S.B. # 27820
*Attorneys for Defendants – Third-Party Plaintiffs*

OF COUNSEL:

ROBERSON HAWORTH & REESE, PLLC
300 N. Main Street; Suite 300
P.O. Box 1550
High Point, NC 27261
Telephone:  336-889-8733
Facsimile:  336-885-1280
E-mail:     apowell@rhrlaw.com
            cfinan@rhrlaw.com