UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| IN RE:<br><br>COURTNEY B. WILLIAMS and<br>DEENA L. WILLIAMS,<br><br>               Debtors, | **Chapter 7**<br><br>**Bankruptcy Case No.: 08-2284-8-JRL** |
| JAMES B. ANGELL, Chapter 7 Trustee for COURTNEY B. WILLIAMS and DEENA L. WILLIAMS,<br><br>               Plaintiffs,<br><br>  v.<br><br>WILLIAM R. ECHOLS, TRUSTEE and WELLS FARGO BANK, N.A. BENEFICIARY Under that Certain of Trust recorded at Book 2199, page 477, Brunswick County Register of Deeds,<br><br>               Defendants / Third-Party Plaintiffs,<br><br>  v.<br><br>STATE EMPLOYEES' CREDIT UNION, PHILIP E. GREER, Trustee, SHERVIN TAHSSILI, SANDMAN & ROSEFIELDE-KELLER, Trustee, DIANA D. LOREY, MATTHEW G. NESTOR, Trustee, BRANCH BANKING & TRUST COMPANY, BB&T COLLATERAL SERVICE CORPORATION, Trustee, THE BROOK FAMILY TRUST, JAMES R. PREVATTE, JR., Trustee, COURTNEY B. WILLIAMS and DEENA L. WILLIAMS,<br><br>               Third-Party Defendants. | **Adversary Proceeding No.: 08-00099-8-JRL** |

### RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

NOW COMES WILLIAM R. ECHOLS, TRUSTEE and WELLS FARGO BANK, N.A. BENEFICIARY Under that Certain of Trust recorded at Book 2199, page 477, Brunswick County Register of Deeds ("Defendants"), through counsel, and hereby submit the following Response and Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment (the "Motion"). The Plaintiff's Motion should be denied as the matter has only recently been filed, responsive pleadings, including a Counterclaim against the Plaintiff, have been filed, no discovery has been undertaken and, as shown by the pleadings, numerous genuine issues of material fact remain in dispute. Essentially, the present Motion is not ripe for adjudication by the Court.

### SUMMARY OF RELEVANT FACTS

The facts relevant to the instant motion and the Defendant's objections thereto, are procedural in nature. This action was filed by the Plaintiff Trustee on June 30, 2008 and summonses were issued on July 1, 2008. On the same date, the Trustee filed his first Motion for Summary Judgment. Under Rule 56 of the Federal Rules of Civil Procedure, the Trustee's initial Motion for Summary Judgment was premature in that such a motion may not be filed prior to the expiration of twenty (20) days after the issuance of summonses. The Court, on its own motion, denied the Trustee's first Motion for Summary Judgment by order dated July 3, 2008.

The Defendants were not required under the Bankruptcy Rules to respond to the Plaintiff Trustee's Complaint until July 31, 2008. However, prior to the filing of the Defendant's responsive pleading, on July 21, 2008, Plaintiff again filed a motion for summary judgment. On July 31, 2008, the Defendants filed their Answer, Counterclaim and Third-Party Complaint. In this pleading, the Defendants named several additional parties and brought counterclaims against the Plaintiff Trustee alleging, among other things, an action to quiet title and alternative claims based upon equitable

2

subrogation and a claim for the imposition of a constructive trust.  In their Counterclaim and Third-Party Complaint, the Defendants allege that sufficient matters appear of record in the chain of title to the Property that, regardless of the provisions of 11 U.S.C. §544, the Plaintiff Trustee does not occupy the status of a BFP with respect to the Defendant's Deed of Trust.  For that reason, the Defendants allege, the Trustee's interest in the Property is junior to the interest held by the Defendants by virtue of the Deed of Trust.  However, the question of what a reasonably diligent examination of the status of title to the Property would have revealed is a question of fact.

Additionally, as alternative claims for relief, the Defendants allege that 1) the Defendant should be equitably subrogated to the rights and interests of the prior encumbrance it satisfied, and 2) that the Property is subject to a constructive trust in favor of the Defendants such that the same is not property of the estate as provided in 11 U.S.C. §541(d).  Under either legal theory, should the Defendants be able to prove a sufficient factual basis, the Defendant would be entitled to a judgment finding and determining that the Defendant is the holder of an interest in the Property that is senior in priority to the interest of the Trustee.  Again, however, as there has been no discovery conducted in this action that is less than six (6) weeks old, no party is able, at the present time, to make the claim that any fact at issue in this action is undisputed.

**ARGUMENT**

I.   THE PRESENT MATTER IS NOT RIPE FOR SUMMARY ADJUDICATION AS THERE ARE ISSUES OF FACT RAISED BY THE DEFENDANT'S RESPONSIVE PLEADINGS AND NO DISCOVERY HAS BEEN CONDUCTED.

The procedural posture of the present matter alone, as set forth above, provides a clear basis for the Court to deny the Defendant's present motion for summary judgment.  As indicated above, based upon those matters raised by the Defendants in their Counterclaim and Third-Party Complaint, there are significant factual issues that remain undetermined at the present time

which bear heavily upon the Trustee's claimed entitlement to summary adjudication of the present matter. Only after a proper, or in this case any, discovery period can it be said that there are "NO" genuine issues of material fact in dispute among any of the parties to this action.

"On motion for summary judgment, the movant initially bears the burden of demonstrating the absence of a genuine issue of material fact. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 117 L. Ed. 2d 417, 112 S. Ct. 1172 (1992). Upon that showing, the burden shifts to the non-moving party to produce facts sufficient to create a triable issue of fact. *Id.* at 718-19. "**Summary judgment may only be entered after 'adequate time for discovery**.'" Id. (emphasis added) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986))." Aiken v. Policy Management Sys. Corp., 13 F.3d 138 (4th Cir. 1993). As set forth above, at the present time, given those matters alleged in the Defendant's Counterclaim and Third-Party Complaint, the Plaintiff Trustee cannot meet his initial burden of demonstrating the absence of any genuine issue of material fact. Further, given the fact that the Defendants have only, within the last 12 days, filed their responsive pleadings in this action and have conducted no discovery, it is not reasonable to expect that the Defendants would be able, at the present time, to produce facts relating to the merits of the present case. Therefore, the present motion should be denied.

## CONCLUSION

For the reasons stated herein and in argument to the Court, Defendants respectfully request that the Plaintiff's Motion be denied.

4

Respectfully submitted, this the 11th day of August, 2008.

/s/: Alan B. Powell
Alan B. Powell, N.C.S.B. # 17555
Christopher C. Finan, N.C.S.B. # 27820
*Attorneys for Defendants*

OF COUNSEL:

ROBERSON HAWORTH & REESE, PLLC
300 N. Main Street; Suite 300
P.O. Box 1550
High Point, NC 27261
Telephone:  336-889-8733
Facsimile:  336-885-1280
Email:   apowell@rhrlaw.com
             cfinan@rhrlaw.com

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| IN RE:<br><br>COURTNEY B. WILLIAMS and<br>DEENA L. WILLIAMS,<br><br>   Debtors, | |
| JAMES B. ANGELL, Chapter 7 Trustee for COURTNEY B. WILLIAMS and DEENA L. WILLIAMS,<br><br>   Plaintiffs,<br><br> v.<br><br>WILLIAM R. ECHOLS, TRUSTEE and WELLS FARGO BANK, N.A. BENEFICIARY Under that Certain of Trust recorded at Book 2199, page 477, Brunswick County Register of Deeds,<br><br>   Defendants. | **Chapter 7**<br><br>**Bankruptcy Case No.: 08-2284-8-JRL**<br><br><br>**Adversary Proceeding Number:**<br>    **08-00099-8-JRL** |

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that the undersigned has this date served the foregoing **Response and Memorandum of Law in Opposition to Plaintiff's Motion For Summary Judgment** in the above-entitled action upon all other parties to this cause by hand delivery, by facsimile, or by depositing a copy thereof in a postpaid wrapper in a post office or official depository under the exclusive care and custody of the United States Post Office Department, properly addressed to said parties, or the attorney or attorneys for said parties, as the case may be.

Marjorie Lynch　　　　　　　　　　　　　　James B. Angell, Trustee
U.S. Bankruptcy Administrator　　　　　　　P.O. Box 12347
P.O. Box 3758　　　　　　　　　　　　　　Raleigh, NC 27605-2347
Wilson, NC 27895-3758　　　　　　　　　　*Plaintiff*

6

| | |
|---|---|
| Courtney B. Williams<br>Deena L. Williams<br>108 Sellers Street<br>Oak Island, NC 28465<br>*Debtors* | James B. Angell, Trustee<br>P.O. Box 12347<br>Raleigh, NC 27605-2347<br>*Trustee* |

Algernon L. Butler, Jr.
Butler & Butler, LLP
P.O. Box 38
Wilmington, NC 28402
*Attorney for Debtors*

This the 11th day of August, 2008.

/s/: Alan B. Powell
Alan B. Powell, N.C.S.B. # 17555
Christopher C. Finan, N.C.S.B. # 27820
*Attorneys for Defendants*

OF COUNSEL:

ROBERSON HAWORTH & REESE, PLLC
300 N. Main Street; Suite 300
P.O. Box 1550
High Point, NC 27261
Telephone:  336-889-8733
Facsimile:  336-885-1280
Email:   apowell@rhrlaw.com
         cfinan@rhrlaw.com