UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| In re:<br><br>Courtney B. Williams<br>Deena L. Williams<br><br>Debtor | Chapter 7<br><br>Case No. 08-02284080JRL |
| James B. Angell, Chapter 7 Trustee for<br>Courtney B. Williams<br>Deena L. Williams<br><br>Plaintiff,<br><br>v.<br><br>William R. Echols, and<br>Wells Fargo Bank, N.A.,<br><br>Defendants/Third-Party Plaintiffs,<br><br>v.<br><br>State Employees' Credit Union, Philip E. Greer, Trustee, Shervin Tahssili, Sandman & Rosefielde-Keller, Trustee, Diana D. Lorey, Matthew G. Nestor, Trustee, Branch Banking & Trust Company, BB&T Collateral Service Corporation, Trustee, The Brook Family Trust, James R. Prevatte, Jr., Trustee, Courtney B. Williams And Deena L. Williams,<br><br>Third-Party Defendants. | Adversary Proceeding<br><br>No. 08-00099-8-JRL |

## PLAINTIFF'S REPLY TO DEFENDANTS' COUNTERCLAIMS

NOW COMES James B. Angell, Chapter 7 Trustee for ("Plaintiff" of "Trustee"), by and through undersigned counsel, and respectfully submits his response to the Defendants' Counterclaims follows:

1. The pleadings contained in Defendants' First Defense (paragraphs 1 through 18, inclusive), Second Defense, and Third Defense contain admissions and denials by

Defendants and do not require admission or denial by Plaintiff. To the extent that any of said allegations require admission or denial, such allegations are denied.

As to the Defendants' Fourth Defense – Counterclaim and Third-Party Complaint:

1. The Plaintiff's previous allegations and responses are incorporated herein as if set forth herein.

2. The allegations set out in the first and second sentences of paragraph 2 are admitted upon information and belief. The allegations set out in the third sentence of paragraph 2 require neither admission nor denial; to the extent that admission or denial is required, such allegations are denied.

3. The allegations set out in the first and second sentences of paragraph 3 are admitted upon information and belief. The allegations set out in the third sentence of paragraph 3 require neither admission nor denial; to the extent that admission or denial is required, such allegations are denied.

4. The allegations set out in the first and second sentences of paragraph 4 are admitted upon information and belief. The allegations set out in the third sentence of paragraph 4 require neither admission nor denial; to the extent that admission or denial is required, such allegations are denied.

5. The allegations set out in paragraph 5 are admitted upon information and belief. Plaintiff affirmatively alleges that, on information and belief, as of the filing date, the debt referred to in the deed of trust referred to paragraph 5 was paid in full and Plaintiff was entitled to cancellation of said deed of trust.

6. The allegations set out in paragraph 6 are admitted upon information and belief. Plaintiff affirmatively alleges that, on information and belief, as of the filing date, the debt referred to in the deed of trust referred to paragraph 6 was paid in full and Plaintiff was entitled to cancellation of said deed of trust.

7. The allegations set out in paragraph 7 are admitted.

8. The Plaintiff's previous allegations and responses are incorporated herein as if set forth herein.

9. The allegations set out in paragraph 9 are admitted.

10. The allegations set out in the second sentence of paragraph 10 are admitted. The remaining allegations set out in paragraph 10 are denied.

11. The allegations set out in paragraph 11 are denied.

12. The allegation that the deeds of trust remain on record "mistakenly" is denied. The remaining allegations set out in paragraph 12 are admitted on information and belief.

13. It is admitted on information and belief, that, on or about July 22, 2005, WELLS FARGO made a loan solely to the male debtor in the amount of $650,000.00 on or about July 22, 2005. The remaining allegations set out in paragraph 13 are denied.

14. The allegations set out in paragraph 14 are admitted as to the male debtor. The remaining allegations set out in paragraph 14 are denied.

15. The allegations set out in paragraph 15 are admitted.

16. It is denied that the female debtor was a "party" to the loan transaction. The remaining allegations contained in paragraph 16 are denied.

17. It is denied that the female debtor was a "party" to the loan transaction. The remaining allegations contained in paragraph 17 are denied.

18. It is denied that the female debtor was a "party" to the loan transaction. The Plaintiff has insufficient information to admit or deny the remaining allegations contained in paragraph 18 and said allegations are therefore denied.

19. It is denied that the $650,000.00 in funds advanced to the male debtor was "advanced for the benefit of" the female debtor. It is admitted that the BB&T Purchase Money DOT was satisfied as evidenced by Exhibit I. The Plaintiff has insufficient information to admit or deny the remaining allegations set out in paragraph 19 and said allegations are therefore denied.

20. It is admitted that a deed of trust pertaining to the property was recorded for the benefit of SECU in the Brunswick County Public Registry at Book 2199, page 497, on July 27, 2005. Said deed of trust speaks for itself. To the extent that any of the allegations in paragraph 20 are inconsistent with said deed of trust, such allegations are denied. The remaining allegations set out in paragraph 20 are denied.

21. It is admitted that deed of trusts pertaining to the property were recorded for the benefit of Tahssili and Lorey in the Brunswick County Public Registry. Said deeds of trust speak for themselves. To the extent that any of the allegations in paragraph 21 are inconsistent with said deeds of trust, such allegations are denied. The remaining allegations set out in paragraph 21 are denied.

22. The allegations set out in paragraph 22 state a legal conclusion which neither admission nor denial is required. To the extent that admission or denial is required, such allegations are denied.

## First Claim for Relief
## Quiet Title

3

23. The Plaintiff's previous allegations and responses are incorporated herein as if set forth herein.

24. The Plaintiff has insufficient information to admit or deny the allegations set out in paragraph 24 and said allegations are therefore denied.

25. The allegation that the deeds of trust remain on record "mistakenly" is denied. The remaining allegations set out in paragraph 25 are admitted on information and belief.

26. The allegations set out in paragraph 25 are denied.

27. It is admitted that the female debtor's signature does not appear on the Deed of Trust. The remaining allegations contained in Paragraph 27 of the Counterclaims are denied.

28. The Plaintiff has insufficient information to admit or deny the allegations set out in paragraph 28 and said allegations are therefore denied.

29. The allegations set out in paragraph 29 of the Counterclaims are denied.

30. It is denied that the female debtor accepted any advances of funds from WELLS FARGO. The remaining allegations set out in paragraph 30 are denied.

31. The allegations set out in paragraph 31 are denied.

32. The allegations set out in paragraph 32 are denied.

33. The allegations set out in paragraph 33 are denied.

34. The allegations set out in Paragraph 34 are denied.

## Second Claim for Relief
## Equitable Subrogation

35. The Plaintiff's previous allegations and responses are incorporated herein as if set forth herein.

36. The Plaintiff has insufficient information to admit or deny the allegations set out in paragraph 36 and said allegations are therefore denied.

37. The allegations set out in paragraph 37 are denied.

## Third Claim for Relief
## Imposition of Constructive Trust

38. The Plaintiff's previous allegations and responses are incorporated herein as if set forth herein.

39. The Plaintiff has insufficient information to admit or deny the allegations set out in paragraph 39 and said allegations are therefore denied.

40. The allegations set out in paragraph 40 are denied.

41. The allegations set out in paragraph 41 are denied.

42. The allegations set out in paragraph 42 are denied.

### FIRST AFFIRMATIVE DEFENSE

Without waiving any of the claims and defenses upon which it continues to rely, and in the alternative, the Plaintiff pleads that N.C. Gen. Stat. §39-13.6(a, b), in the nature of a statute of frauds, bars the relief sought by the Defendants.

### SECOND AFFIRMATIVE DEFENSE

Without waiving any of the claims and defenses upon which it continues to rely, the Defendants are barred from the relief sought in its Counterclaims under the doctrine of unclean hands to the extent that the Defendants seek relief from their own actions.

### THIRD AFFIRMATIVE DEFENSE

Without waiving any of the claims and defenses upon which it continues to rely, and in the alternative, the Plaintiff pleads that the Defendants are barred from the relief sought in its Counterclaims under the doctrine of estoppel to the extent that the Defendants seek relief from their own actions.

### FOURTH AFFIRMATIVE DEFENSE

Without waiving any of the claims and defenses upon which it continues to rely, and in the alternative, the Plaintiff pleads that the Defendants are barred from the relief sought in its Counterclaims under the doctrine of failure of consideration as to the female debtor.

### FIFTH AFFIRMATIVE DEFENSE

Without waiving any of the claims and defenses upon which it continues to rely, and in the alternative, the Plaintiff pleads that the Defendants are barred from the relief sought in its Counterclaims as a result of its negligence.

### SIXTH AFFIRMATIVE DEFENSE

Without waiving any of the claims and defenses upon which it continues to rely, and in the alternative, the Plaintiff pleads that the Defendants are barred from the relief sought in its Complaint under the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

Without waiving any of the claims and defenses upon which it continues to rely, and in the alternative, the Plaintiff pleads that the Defendants are barred from the relief sought in its Counterclaims as a result of any applicable statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff hereby give notices that he intends to rely upon any of the defenses which may become available or apparent during discovery in this matter and reserves the right to amend its Reply to Defendants' Counterclaims, if necessary, and to assert such defenses.

Wherefore, the Plaintiff seeks requests that the Court:

1. Dismiss the Defendants' Counterclaims with prejudice;
2. Enter an order determining that the Defendants have no valid lien against any of the Property arising out of or relating to the claim described in the Wells Fargo Deed of Trust;
3. To tax the costs of this action against the Defendants; and
4. For such other and further relief that the Court deems just and proper.

This the 2 day of September, 2008.

HOWARD, STALLINGS, FROM & HUTSON, P.A.

By: _____
James B. Angell
State Bar No. 12844
Philip W. Paine
State Bar No. 31710
Attorneys for the Trustee
P.O. Box 12347
Raleigh NC 27605
Telephone: 919-821-7700
Fax: 919-821-7703
Email: jangell@hsfh.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| In re: <br><br> Courtney B. Williams <br> Deena L. Williams <br><br> Debtors | Case No. 08-02284-8-JRL <br><br> Chapter 7 |
| James B. Angell, Chapter 7 Trustee for <br> Courtney B. Williams <br> and Deena L. Williams, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM R. ECHOLS, TRUSTEE <br> WELLS FARGO BANK, N.A., <br> BENEFICIARY Under that Deed of Trust <br> recorded at Book 2199, page 477, <br> Brunswick County Register of Deeds <br><br> Defendants. | Adversary Proceeding No. <br> 08-00099-8-JRL |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury that she is over eighteen (18) years of age and the
### PLAINTIFF'S REPLY TO DEFENDANTS' COUNTERCLAIMS

were served on September 2, 2008 upon the below named persons, parties and/or counsel by mailing, postage prepaid, a copy of such instruments, to such persons, parties and/or counsel at the address shown below:

Alan B. Powell
Roberson, Haworth & Reese, PLLC
P.O. 1550
High Point, NC 27261

Deena L. Williams
108 Sellers Street
Oak Island NC 28465

Courtney B. Williams
108 Sellers Street
Oak Island NC 28465

James R. Prevatte, Jr.
601 . Howe Street
Southport, NC 28461

The Brook Family Trust
PO Box 514
Nipomo, CA 93444

BB&T Collateral Service Corporation
c/o CT Corporation System
Registered Agent
225 Hillsborough Street
Raleigh, NC 27603

Branch Banking and Trust Company
c/o CT Corporation System
Registered Agent
225 Hillsborough Street
Raleigh, NC 27603

Matthew G. Nestor
8903 East Oak Island Drive
Suite 2
Oak Island, NC 28465

Diana D Lorey
820 Live Oak Drive
Oak Island, NC 28465

Sandman & Rosefielde-Keller
c/o Officer, director or managing agent
7101 Creedmoor Road, Ste. 142
Raleigh, NC 27613

Shervin Tahssili
8398 Six Forks Road, Suite 104
Raleigh, NC 27615

Philp E Greer
1176 St. Mark's Church Road
Burlington, NC 27215-9796

State Employees' Credit Union
c/o James C. Blaine, Registered Agent
1000 Wade Avenue
Raleigh, NC 27605

Dated: September 2, 2008

_____
Jennifer L. McInnes, Paralegal
Post Office Box 12347
Raleigh, NC 27605-2347
Telephone: (919) 821-7700
Facsimile: (919) 821-7703