UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| IN RE:<br><br>COURTNEY B. WILLIAMS and<br>DEENA L. WILLIAMS,<br><br>               Debtors, | **Chapter 7**<br><br>**Bankruptcy Case No.: 08-2284-8-JRL** |
| JAMES B. ANGELL, Chapter 7 Trustee for COURTNEY B. WILLIAMS and DEENA L. WILLIAMS,<br><br>               Plaintiffs,<br><br>  v.<br><br>WILLIAM R. ECHOLS, TRUSTEE and WELLS FARGO BANK, N.A. BENEFICIARY Under that Certain of Trust recorded at Book 2199, page 477, Brunswick County Register of Deeds,<br><br>               Defendants / Third-Party Plaintiffs,<br><br>  v.<br><br>STATE EMPLOYEES' CREDIT UNION, PHILIP E. GREER, Trustee, SHERVIN TAHSSILI, SANDMAN & ROSEFIELDE-KELLER, Trustee, DIANA D. LOREY, MATTHEW G. NESTOR, Trustee, BRANCH BANKING & TRUST COMPANY, BB&T COLLATERAL SERVICE CORPORATION, Trustee, THE BROOK FAMILY TRUST, JAMES R. PREVATTE, JR., Trustee, COURTNEY B. WILLIAMS and DEENA L. WILLIAMS,<br><br>               Third-Party Defendants. | **Adversary Proceeding No.: 08-00099-8-JRL** |

1

## MOTION TO STRIKE

NOW COMES, Defendant WELLS FARGO BANK, N.A. BENEFICIARY Under that Certain of Trust recorded at Book 2199, page 477, Brunswick County Register of Deeds ("Defendant" or "Wells Fargo"), by and through its undersigned counsel, and hereby moves the Court to strike the "Plaintiff's Supplemental Memorandum of Law in Support of its Motion for Summary Judgment" (the "Supplemental Memorandum") and the "Attachment to Plaintiff's Supplemental Memorandum of Law in Support of its Motion for Summary Judgment" (the "Attachment"), both of such documents being served by the Trustee on October 27, 2008, less than two full days prior the rescheduled hearing on Summary Judgment in this matter. In support of its Motion, Wells Fargo shows the following unto the Court:

1. The instant Adversary Proceeding was filed by the Trustee on June 30, 2008.

2. Immediately, prior even to service of any of the Summonses or Complaints in this action, the Trustee prematurely moved for Summary Judgment on July 1, 2008, filing a Motion and Memorandum of Law in Support of his Motion. The Trustee failed to file a verified pleading or other affidavit with the filing of his initial Motion for Summary Judgment.

3. On July 3, 2008, on its own Motion, the Court entered its Order denying the Trustee's Summary Judgment Motion as having been prematurely filed under the Rule 56 of the Federal Rules of Civil Procedure and rule 7056 of the Bankruptcy Rules, such rules requiring the Plaintiff to wait at least twenty (20) days to file a Summary Judgment Motion after the filing of the Complaint in the action.

4. On July 21, 2008, the Trustee filed his second Motion for Summary Judgment together with a Memorandum of Law on the same date. Again, the Trustee failed to file a verified pleading or other affidavit with the filing of his second Motion for Summary Judgment.

5. As of the date of the filing of the Trustee's second Motion for Summary Judgment in, counsel for Wells Fargo had not yet even made an appearance in the present Adversary Proceeding.

6. On July 31, 2008, Wells Fargo filed its Answer, Counterclaim and Third-Party Complaint in the above-captioned Adversary Proceeding, alleging that the Plaintiff was not entitled to the relief he sought in his complaint and, among other things, that the Trustee was not a bona fide purchaser of the Property as of the date of the filing of the Debtor's petition as the public land records of Brunswick County provide any prospective purchaser with notice of the interest of the Defendant herein.

7. During the time between the filing of the Answer and Counterclaim by Wells Fargo and the date upon which a response was due to the Trustee's second Motion for Summary Judgment, counsel for Wells Fargo had a discussion with the Trustee in which the Trustee agreed, among other things, to withdraw his Motion for Summary Judgment.

8. As the deadline approached for the filing of a response to the Trustee's Motion for Summary Judgment under the local rules of practice, counsel for the Defendant Wells Fargo once again contacted the Trustee, only to learn that the Trustee had left for vacation without filing a withdrawal of his Summary Judgment Motion.

9. As a result of the failure of the Trustee to withdraw his Summary Judgment Motion as promised, the Defendant Wells Fargo was forced to file a limited response to the Trustee's second Motion for Summary Judgment on August 11, 2008.

10. Thereafter, on August 15, 2008, the Court scheduled the hearing on the Trustee's second Motion for Summary Judgment for October 20, 2008 at 3:00 p.m.

11.	At no time has the Trustee filed a Verified Complaint in this action or any affidavit supporting his Motion for Summary Judgment, either with the filing and service of his first Summary Judgment Motion, with the filing of his second Summary Judgment Motion or otherwise.

12.	Prior to the originally scheduled hearing on the Trustee's second Motion for Summary Judgment, on October 15, 2008, in accordance with Rule 56(c) of the Federal Rules of Civil Procedure, incorporated in these proceedings by Bankruptcy Rule 7056, Defendant Wells Fargo filed an Affidavit of Douglas W. Baxley and Affidavit of Lorrie Phelps, Vice President of Loan Documentation with Wells Fargo Bank, N.A. in opposition to Trustee's second Motion for Summary Judgment.

13.	Thereafter, at the request of the Court, the hearing on the Trustee's second Motion for Summary Judgment was moved from October 20, 2008 to October 29, 2008.

14.	At no time prior to the originally scheduled October 20, 2008 hearing did the Trustee file any additional memorandum, documentation or affidavit of any kind supporting his second Motion for Summary Judgment.

15.	Then, less than two (2) days prior to the rescheduled hearing on his second Motion for Summary Judgment, contrary to Rule 56 of the Federal Rules of Civil Procedure, Rule 7056 of the Bankruptcy Rules and the Local Rules of Practice, on October 27, 2008 the Trustee filed and served a thirty-one (31) page "Supplemental Memorandum of Law in Support of its Motion for Summary Judgment," and a sixty-two (62) page "Attachment to Plaintiff's Supplemental Memorandum of Law in Support of its Motion for Summary Judgment."

16.	The Plaintiff's Supplemental Memorandum purports to set out, in approximately thirty (30) pages, an extensive substantive argument relating to the defenses and claims for relief set forth in the Defendant's Answer, Counterclaim and Third-Party Complaint in this action.

17. Further, the Attachment purports to introduce documents affecting title to the property at issue which purportedly appear of record in the Brunswick County Public Registry. This document neither sets out the results of any title search performed with respect to the Property nor is it a verified affidavit of any kind in order to authenticate any of the documents.

18. The filing of both of these documents by the Trustee on the eve of the hearing on his own second Motion for Summary Judgment is not only contrary to the relevant Rules of Court and Civil Procedure, but also offends the general principles of fairness and good faith in the litigation process.

19. Of course, given the time at which the Trustee chose to file his Supplemental Memorandum and Attachment thereto, the Defendant will not have an adequate opportunity to fully respond to the arguments as set forth in the late-filed Supplemental Memorandum, nor will the Defendant have any opportunity to prepare and serve any additional affidavits which it may deem appropriate to respond to the matters allegedly set forth in the Attachment, even though the same does not constitute "evidence" upon which a summary judgment can properly be granted.

20. Therefore, as the Trustee chose to file his second Motion for Summary Judgment at a very early stage of this case, and because he failed to file anything in support of, or in supplement to, his second Motion for Summary Judgment at any time between July 1, 2008 and October 27, 2008, only two (2) days before the hearing, the Defendant hereby moves the Court to strike from the record and not to consider either the Supplemental Memorandum or the Attachment in its consideration of the Trustee's second Motion for Summary Judgment.

NOW THEREFORE, the Defendant Wells Fargo Bank, N.A. prays the Court grant the following relief:

1. That the Court strike from the record and not consider either the Supplemental Memorandum or the Attachment in its consideration of the Trustee's second Motion for Summary Judgment scheduled to be heard on October 29, 2008;

2. That the Court grant such other and further relief as it deems just and proper.

This the 28th day of October, 2008.

    /s/:  Alan B. Powell
Alan B. Powell, N.C.S.B. # 17555
Christopher C. Finan, N.C.S.B. # 27820
*Attorneys for Defendant Wells Fargo Bank, NA*

OF COUNSEL:

ROBERSON HAWORTH & REESE, PLLC
300 N. Main Street; Suite 300
P.O. Box 1550
High Point, NC 27261
Telephone:  336-889-8733
Facsimile:  336-885-1280
Email:    apowell@rhrlaw.com
         cfinan@rhrlaw.com

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| IN RE:<br><br>COURTNEY B. WILLIAMS and<br>DEENA L. WILLIAMS,<br><br>            Debtors, | **Chapter 7**<br><br>**Bankruptcy Case No.: 08-2284-8-JRL** |
| JAMES B. ANGELL, Chapter 7 Trustee for COURTNEY B. WILLIAMS and DEENA L. WILLIAMS,<br><br>            Plaintiffs,<br><br>  v.<br><br>WILLIAM R. ECHOLS, TRUSTEE and WELLS FARGO BANK, N.A. BENEFICIARY Under that Certain of Trust recorded at Book 2199, page 477, Brunswick County Register of Deeds,<br><br>            Defendants / Third-Party Plaintiffs,<br><br>  v.<br><br>STATE EMPLOYEES' CREDIT UNION, PHILIP E. GREER, Trustee, SHERVIN TAHSSILI, SANDMAN & ROSEFIELDE-KELLER, Trustee, DIANA D. LOREY, MATTHEW G. NESTOR, Trustee, BRANCH BANKING & TRUST COMPANY, BB&T COLLATERAL SERVICE CORPORATION, Trustee, THE BROOK FAMILY TRUST, JAMES R. PREVATTE, JR., Trustee, COURTNEY B. WILLIAMS and DEENA L. WILLIAMS,<br><br>            Third-Party Defendants. | **Adversary Proceeding No.: 08-00099-8-JRL** |

**CERTIFICATE OF SERVICE**

      THIS IS TO CERTIFY that the undersigned has this date served the foregoing **Motion to Strike** in the above-entitled action upon all other parties to this cause by hand delivery, by facsimile, or by depositing a copy thereof in a postpaid wrapper in a post office or official depository under the exclusive care and custody of the United States Post Office Department, properly addressed to said parties, or the attorney or attorneys for said parties, as the case may be.

| | |
|---|---|
| Marjorie Lynch<br>U.S. Bankruptcy Administrator<br>P.O. Box 3758<br>Wilson, NC 27895-3758 | James B. Angell, Trustee<br>P.O. Box 12347<br>Raleigh, NC 27605-2347<br>*Plaintiff and Trustee* |
| Courtney B. Williams<br>Deena L. Williams<br>108 Sellers Street<br>Oak Island, NC 28465<br>*Debtors* | William R. Echols, Trustee<br>301 Carmel Executive Parkway, Suite 304<br>Charlotte, NC 28226<br>*Defendant* |
| James R. Prevatte, Jr.<br>601 N. Howe Street<br>Southport, NC 28461 | The Brook Family Trust<br>P. O. Box 518<br>Nipomo, CA 93444 |
| BB&T Collateral Service Corporation<br>c/o CT Corporation System<br>Registered Agent<br>225 Hillsborough Street<br>Raleigh, NC 27603 | Branch Banking and Trust Company<br>c/o CT Corporation System<br>Registered Agent<br>225 Hillsborough Street<br>Raleigh, NC 27603 |
| Matthew G. Nestor<br>8903 East Oak Island Drive, Suite 2<br>Oak Island, NC 28465 | Diana D. Lorey<br>820 Live Oak Drive<br>Oak Island, NC 28465 |
| Sandman & Rosefielde-Keller<br>c/o Officer, Director or Managing Agent<br>7101 Creedmoor Road, Suite 142<br>Raleigh, NC 27613 | Shervin Tahssili<br>8398 Six Forks Road, Suite 104<br>Raleigh, NC 27615 |
| Philip E. Greer<br>c/o State Employees' Credit Union<br>1000 Wade Avenue<br>Raleigh, NC 27605 | State Employees' Credit Union<br>c/o James C. Blaine, Registered Agent<br>1000 Wade Avenue<br>Raleigh, NC 27605 |

      This the 28th day of October, 2008.

8

  /s/:  Alan B. Powell
Alan B. Powell, N.C.S.B. # 17555
Christopher C. Finan, N.C.S.B. # 27820
*Attorneys for Defendant Wells Fargo Bank, NA*

OF COUNSEL:

ROBERSON HAWORTH & REESE, PLLC
300 N. Main Street; Suite 300
P.O. Box 1550
High Point, NC 27261
Telephone:  336-889-8733
Facsimile:  336-885-1280
Email:    apowell@rhrlaw.com
         cfinan@rhrlaw.com