**SO ORDERED.**

**SIGNED this 01 day of April, 2009.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

COURTNEY B. WILLIAMS and
DEENA L. WILLIAMS,                          Case No. 08-02284-8-JRL

    Debtors.


JAMES B. ANGELL, Chapter 7
Trustee for Courtney B. Williams
and Deena L. Williams,                      Adversary Proceeding No.
                                            08-00099-8-JRL
    Plaintiff,

  v.

WILLIAM R. ECHOLS, TRUSTEE
and WELLS FARGO BANK, N.A.,
BENEFICIARY Under that Certain
Deed of Trust recorded at Book 2199,
page 477, Brunswick County Register
of Deeds,

    Defendants.

  v.

STATE EMPLOYEES' CREDIT UNION,
PHILIP E. GREER, Trustee, SHERVIN
TAHSSILI, SANDMAN & ROSEFIELDE-

**KELER, Trustee, DIANA D. LOREY,
MATTHEW G. NESTOR, Trustee, BRANCH
BANKING & TRUST COMPANY, BB&T
COLLATERAL SERVICE CORPORATION,
Trustee, COURTNEY B. WILLIAMS and
DEENA L. WILLIAMS**

   **Third-Party Defendants.**

---

## ORDER

  This matter is before the court on the defendants' motion for relief from order granting summary judgement. A hearing on this matter was held on March 24, 2009 in Raleigh, North Carolina.

## BACKGROUND

  On July 27, 2005, Courtney Williams executed a note in the amount of $650,000.00 and deed of trust in favor of defendant William R. Echols, a trustee for the benefit of Wells Fargo Bank, N.A. (Wells Fargo). The deed of trust purported to convey the debtors' right in certain property in Oak Island, North Carolina. Both the note and deed of trust were prepared by Wells Fargo. The deed of trust identifies the borrower as "Courtney B. Williams, a Married Person." In addition, the deed of trust contains a signature line for "Courtney B. Williams," above which Mr. Williams provided his signature. Deena L. Williams' name is not listed on the note or deed of trust, nor did she execute the documents. The debtors filed a Chapter 7 bankruptcy petition on April 3, 2008. On May 19, 2008, the debtors' 341 meeting was held. At that meeting, Mr. Williams testified that he left his wife off the loan documents with Wells Fargo because she did not have any income. On July 21, 2008, the Trustee filed a motion for summary judgement. A

hearing on the motion for summary judgement was conducted on December 4, 2008. On January 28, 2009, this court entered an order granting summary judgment in favor of the plaintiff. The defendants filed a notice of appeal on February 4, 2009. On February 12, 2009, the defendants filed a motion for relief from the order granting summary judgement. The defendants argue that they were unfairly surprised by the issue of "intent" at the hearing of the trustee's motion for summary judgement. Based on the surprise, the defendants claim that sufficient grounds exist under Rule 60(b)(1) and (6) of the Federal Rules of Civil Procedure, incorporated by Bankruptcy Rule 9024, to set aside the January 28th Order and allow a normal course of discovery to proceed.

## ANALYSIS

District courts may properly hear Fed. R. Civ. P. 60(b) motions for relief when determining if relief should be granted from the court's own judgment. Fobian v. Storage Tech. Corp., 164 F.3d 887 (4th Cir. 1999). The argument that a contemporaneously filed appeal divests a district court of jurisdiction: "[F]lies in the face of the reality that the district court, which has lived with a case and knows it well, is far better situated . . . to determine quickly and easily the possible merit of a Rule 60(b) motion." Id. at 890. When an appeal and a Rule 60(b) motion are both filed, the district court retains jurisdiction over matters that are in "aid of the appeal." Id. However, while an appeal is pending from the judgment, the district court cannot outrightly grant a motion for relief. To do so would violate the prohibition of two courts exercising jurisdiction over the same matter. Id.. (*citing* Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S. Ct. 400, 103 S. Ct. 400 (1982)). Therefore, if the district court is inclined to grant the motion, it must issue a short memorandum so stating. The movant is then in

the position to request a limited remand from the appellate court. Id. at 891.  These principles are equally applicable to an appeal from this court to the district court. B.R. 9024.  Having issued the judgment in this case now on appeal, this court may determine the merit of the present motion for relief from order granting summary judgement.

Rule 60(b)(1) states that: [T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding for the reasons of mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. R. 60(b)(1).  The court may also set aside an order where it finds another reason to justify relief. Fed. R. Civ. P. 60(b)(6).  However, in order to gain relief under Rule 60(b) the party seeking relief must first satisfy threshold requirements of: timeliness of the motion, a meritorious defense, the absence of unfair prejudice to the opposing party, and exceptional circumstances.  *See*, Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987), Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993).

Two days prior to the hearing on the trustee's motion for summary judgement the trustee submitted an affidavit that included the debtors' testimony from their 341 meeting.  The defendants assert that the affidavit associated with the 341 meeting testimony raised the issue of the parties' intent for the first time.  The defendants further assert that with only two days notice they were provided no meaningful opportunity to respond.

At the Rule 60(b) hearing, the defendants referenced two documents, a settlement statement and closing instructions, which they believed would provide clear evidence that Mrs. Williams intended to enter into the transaction described by the deed of trust. The defendants asserted that they had not proffered these documents previously because they were unaware intent was an issue.  The defendants further asserted that more time for discovery was needed to

4

establish that Mr. and Mrs. Williams were in fact legally married on the date of the execution of the deed of trust.

      A party facing a motion for summary judgement early in a case has two choices: it can either resist the motion on the merits, or it can exercise its right to request additional time.  Here, the defendants chose to do the former, and now wish they had done the later.  Fed. R. Civ. P. 56(f)(2) incorporated into B.R. 7056, provides that where the party opposing a motion for summary judgement shows by affidavit that it cannot present facts essential to justify its opposition, the court may: [O]rder a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken. . . .This would have been the appropriate response for the defendants to make at the hearing on the motion for summary judgment. "[F]ailure to file an affidavit under Rule 56(f) is itself sufficient ground to reject a claim that the opportunity for discovery was inadequate." Belyakov v. Leavitt, 2009 WL 136918, *9 (4th Cir. 2009)(*citing*, Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002)). Even where the opposing party fails to file a Rule 56(f) affidavit, they must adequately inform the court that the motion for summary judgement is premature and that more discovery is necessary.  Id.  Here, the defendants did not inform the court, by affidavit or orally at hearing, that additional discovery time was necessary.  Instead, the defendants attempted to beat the motion on the merits and lost.

      Further, it strains credibility that the defendants were actually surprised by the issue of intent.  The digital recordings of debtors' 341 meetings are a matter of public record.  Had the defendants wanted to know what the Williams said about the transaction involving the deed of trust, they could have requested a copy of the oral testimony at any time throughout the case.

However, even if the defendants felt the issue of intent was "new," two days was more than enough time to fulfill the obligation created under Rule 56(f). Affidavits in summary judgment proceedings may be presented up through the day before the hearing. Fed. R. Civ. P. 56(c).

This court finds no exceptional circumstances exist when a tactical decision failed to produce the outcome the defendants desired. No evidence has been proffered that was not available to the parties prior to the summary judgement hearing. Moreover, the documents the defendants now assert may establish Mrs. Williams' intent were from their own client's files; since the motion had been pending for five months, there was ample opportunity to review their own records. Nevertheless, if the defendants' case was not in shape to be advanced at the summary judgement hearing, then a motion under Rule 56 (f) should have been made. Without meeting threshold requirements, relief cannot appropriately be granted under Rule 60(b).

More importantly, there is no issue of material fact on record that supports the newly-advanced hypothetical assertion that Mr. Williams might not have been married at the time of execution of the deed of trust. All the evidence in the record in this case, the chain of title, and the bankruptcy case suggest that Mr. Williams has been married throughout these proceedings. If, however, that was the best argument for protecting the validity of the deed of trust, then it was incumbent on the defendants to create an issue of material fact on Williams' marital status.

That an encumbrance of entireties property without a written joinder of a spouse is void is one of the most established principles of North Carolina property law, developed over many decades of jurisprudence. This case involves such a void encumbrance, with the rights of a bona fide purchaser intervening that preclude reformation. *See*, Hice v. Hi-Mil, Inc., 301 N.C. 647,

273 S.E.2d 268 (1981). Additional discovery will not change the outcome here.[1]

Based on the foregoing, the motion for relief from order granting summary judgment is DENIED.

END OF DOCUMENT

---

[1] For purposes of the record on appeal, the court notes that it misunderstood an answer to a question at oral argument as to whether Mrs. Williams signed the closing statement. No evidence on that issue exists in the summary judgment record.