UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| IN RE: | |
| COURTNEY B. WILLIAMS and<br>DEENA L. WILLIAMS, | **Chapter 7** |
| Debtors, | **Bankruptcy Case No.: 08-2284-8-JRL** |
| JAMES B. ANGELL, Chapter 7 Trustee for<br>COURTNEY B. WILLIAMS and DEENA L.<br>WILLIAMS, | **Adversary Proceeding No.: 08-00099-8-<br>JRL** |
| Plaintiffs, | |
| v. | |
| WILLIAM R. ECHOLS, TRUSTEE and WELLS<br>FARGO BANK, N.A. BENEFICIARY Under<br>that Certain of Trust recorded at Book 2199, page<br>477, Brunswick County Register of Deeds, | |
| Defendants / Third-Party<br>Plaintiffs, | |
| v. | |
| STATE EMPLOYEES' CREDIT UNION,<br>PHILIP E. GREER, Trustee, SHERVIN<br>TAHSSILI, SANDMAN & ROSEFIELDE-<br>KELLER, Trustee, DIANA D. LOREY,<br>MATTHEW G. NESTOR, Trustee, BRANCH<br>BANKING & TRUST COMPANY, BB&T<br>COLLATERAL SERVICE CORPORATION,<br>Trustee, THE BROOK FAMILY TRUST,<br>JAMES R. PREVATTE, JR., Trustee,<br>COURTNEY B. WILLIAMS and<br>DEENA L. WILLIAMS, | |
| Third-Party Defendants. | |

**MOTION FOR STAY PENDING APPEAL AND LIMITED OBJECTION TO TRUSTEE'S APPLICATION FOR INTERIM ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR ATTORNEY FOR TRUSTEE**

WILLIAM R. ECHOLS, TRUSTEE and WELLS FARGO BANK, N.A., Beneficiary Under that Certain of Trust recorded at Book 2199, page 477, Brunswick County Register of Deeds (collectively, the "Defendants") respectfully request this Court to stay its January 28, 2009 Order granting Plaintiff's Motion for Summary Judgment (Adv. Proc. Docket # 79) and its April 1, 2009 Order denying the Defendants' Motion for Relief From Order Granting Summary Judgment (Adv. Proc. Docket # 99) (Adv. Proc. Docket # 79 and Adv. Proc. Docket # 99 shall be collectively referred to herein as the "Orders"). This Motion shall also serve as a limited objection to the Trustee's Interim Application For Compensation filed November 10, 2009 in the underlying Bankruptcy Case (Base Case Docket # 200) (the "Interim Application"). In support of their Motion, the Defendants state as follows:

**INTRODUCTION**

The Defendants have timely filed Notices of Appeal of the Orders pursuant to F.R.B.P. 8001 and 8002. The Orders determine, among other things, the invalidity of a certain deed of trust for the benefit of Wells Fargo and of which Mr. Echols was the trustee. The Trustee has sold the property[1] underlying that deed of trust free and clear of liens and interests pursuant to 11 U.S.C. § 362(f) and those liens and interests, including the lien asserted by Wells Fargo, have attached to the proceeds of that sale. Defendants request this court to stay the operation of the orders so as to prevent the Trustee from disbursing the proceeds of the sale of the underlying real property. If the Trustee had the ability to disburse those funds, and actually did so, Wells

---

[1] That property, sometimes referred to herein as the "property" or the "subject real property" is more particularly described as 108 Sellers Street, Oak Island, North Carolina, Lot Number Two (2), Block Z, Oak Island (formerly Yaupon Beach), as shown by plat recorded in the Office of the Register of Deeds for Brunswick County, North Carolina in Plat Book 4, Page 40, to which plat reference is hereby made for a more complete description.

2

Fargo's lien would attach to nothing, thus rendering the Defendants' appeal moot. Accordingly, there is no available remedy, short of staying the Orders, to prevent the irreparable harm to the Defendants. Pursuant to F.R.B.P. 8005, the Defendants respectfully request this Court to stay the effect of the Orders pending the resolution of the Defendants' appeal.

## DISCUSSION

By this Motion, the Defendants request this Court, pursuant to F.R.B.P. 8005, for a stay of the effectiveness of the Orders pending appeal. That rule provides in pertinent part as follows:

> A motion for a stay of the judgment, order, or decrees of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 ..., the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.

The granting of a stay pending appeal under Rule 8005 is within the broad discretion of the court. Quarles v. Miller, 193 B.R. 779, 782 (W.D. Va. 1996) ("Rule 8005, 'by its terms, provides the bankruptcy court with substantially broader discretion than afforded a court by Rule 62'"). Rule 8005 "enables the bankruptcy court and the district court to tailor relief to the unique circumstances of the case, 'notwithstanding Rule 7062,' by making any 'appropriate order during the pendency of an appeal on such terms as will protect the rights of all the parties in interest.'" Id.

In order to prevail on a motion to stay a pending appeal pursuant to Rule 8005, "the party seeking the stay must show: (1) that [it] will likely prevail on the merits of the appeal, (2) that [it] will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay." Cook Group, Inc. v. Wilson (In re Wilson), 233 B.R. 915, 917 (M.D.N.C. 1998). When applying these four factors:

3

> the court should use the balance-of-hardships test . . ., in which the court first balances the hardships to the parties before determining how strong a showing of success is required by the moving party. Under this balancing test, the likelihood of success that need be shown by the movant will vary inversely with the degree of injury the movant will suffer without a stay. If the balance of harm tips decidedly toward the movant, then the movant need not show as strong a likelihood of success on the merits as when the balance tips less decidedly.

In re Convenience USA, Inc., 290 B.R. 558, 561 (Bankr. M.D.N.C. 2003) (internal citations and quotations omitted). Such a balancing of these four factors in this case, justifies the stay of the Orders.

**A. Defendants will suffer irreparable injury without a stay.**

In order to determine the required level of likelihood of success, the Court must first determine the level of injury the Defendants would suffer without a stay. Based on the issues involved in this case, and North Carolina law, this factor clearly warrants a stay of the Orders.

The Orders provided, among other things, for the invalidation of Wells Fargo's deed of trust on the subject real property. That deed of trust, but for the orders, would have remained in first priority position. The Trustee has sold that real property, and Wells Fargo's lien or interest therein now attaches to the proceeds of that sale. If the Trustee is allowed to disburse those funds to himself, his attorney or to other claimants, Wells Fargo will have no recourse to those funds or to any other property, real or personal, of the debtors. Its appeal would thus be rendered moot. See, e.g., Quarles, 193 B.R. at 783. In this situation, no harm could be greater nor could that harm be repaired once it occurs.

**B. Defendants can show the requisite likelihood of success.**

Courts have found that satisfying the first prong of the test under Bankruptcy Rule 8005 "requires only a showing of a substantial possibility of success on the merits where other factors are also strong. Such substantial possibility need not rise to the level of a likelihood of success." Contrarian Funds, LLC v. Aretex, LLC (In re Westpoint Stevens, Inc.), 2007 U.S. Dist. LEXIS

4

33725, * 14 (S.D.N.Y. May 9, 2007). "[T]he likelihood of success that need be shown by the movant will vary inversely with the degree of injury the movant will suffer without the stay. If the balance of harm tips decidedly toward the movant, then the movant need not show as strong a likelihood of success on the merits as when the balance tips less decidedly." In re Convenience USA, Inc., 290 B.R. at 562; see also, Hoekstra v. Oak Cluster Community Council, 268 B.R. 904, 906 (Bankr. E.D.Va. 2000) ("Obviously, it would be a rare judge who makes a ruling he or she thinks is 'likely' to be reversed on appeal. Nevertheless, judges often are required to rule on questions going to the merits so serious, substantial, difficult or doubtful, as to make them fair ground for litigation. In such a situation, the court concludes that primary weight should be given to the balance of hardships.") (internal citations and quotations omitted). The injury to the Defendants in denying their request to stay the Orders could be no more severe, in that their ability and right to appeal the Orders will be rendered moot.

Further, the Orders concern serious, substantial, and disputed issues of law which this Court had not addressed prior to this case. As such, and given that the balance of hardships tilts so strongly to the Defendants' side of the scale, the Defendants have satisfied the limited showing of likelihood of success.

**C. Neither the Trustee, nor any other party, would be substantially harmed by a stay of the Orders.**

"The case law signals a preference in favor of maintaining the status quo." Skinner v. SBA (In re Skinner), 202 B.R. 867, 869 (W.D.Va. 1996). A stay pending appeal will preserve the status quo to allow an important, and potentially dispositive, legal issue to be determined by the appellate court. In re Tolco Properties, Inc., 6 B.R. 490, 491 (Bankr. E.D.Va. 1980) ("The Court is of the opinion that the purpose of a stay pending appeal is to maintain the status quo and

5

to prevent harm to the moving party between the time the original order was entered and the decision on appeal.").

In the present case, staying the Orders pending appeal will preserve the status quo. Such a stay may prevent the Trustee's immediate access to some funds, however, his rights to those funds could be adversely (from his perspective) affected by the appeal.

**D. The public interest will be served by granting the stay.**

As to the final factor of the Rule 8005 analysis, the public interest will be served here by allowing a stay pending appeal. Granting a stay of the Orders will allow an appellate determination regarding the ability of beneficiaries of deeds of trust to seek judicial reformation of allegedly defective documents. The Orders impact a fundamental aspect of North Carolina law. If a stay of the Orders is not granted, and the Defendants' appeal is rendered moot, then any future attempt at appellate determination of this issue would require a party to relitigate the principles and law set forth in the Orders.

**E. Limited Objection to Trustee's Application for Interim Allowance of Compensation and Reimbursement of Expenses for Attorney for Trustee**

On or about November 10, 2009 the Trustee filed the Interim Application requesting, among other things, approval of attorney-for-trustee fees in the amount of $120,163.00 and costs of $4,274.89. The Defendants object to the Interim Application to the extent the Trustee seeks payment of those fees and costs from the proceeds of the sale of the real property at issue in the above-captioned adversary proceeding. The Defendants do not object to the payment from those funds of Ms. Brock's commission or of the ordinary closing costs.

## CONCLUSION

Based on the foregoing, a stay of the Orders is justified. Accordingly, the Court should grant a stay of the Orders pending appeal.

WHEREFORE, the Defendants request that the Court enter an Order:

(a) Staying the effectiveness of the Orders pending appeal; and

(b) Granting such other and further relief as this Court deems necessary and proper.

This the 20th day of November, 2009.

    /s/:  Alan B. Powell
Alan B. Powell, N.C.S.B. # 17555
Christopher C. Finan, N.C.S.B. # 27820
*Attorneys for Appellants*

OF COUNSEL:
ROBERSON HAWORTH & REESE, PLLC
300 N. Main Street; Suite 300
P.O. Box 1550
High Point, NC 27261
Telephone:  336-889-8733
Facsimile:  336-885-1280
Email:    apowell@rhrlaw.com
         cfinan@rhrlaw.com