**SO ORDERED.**

**SIGNED this 03 day of March, 2010.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

**IN RE:**

| | |
|---|---|
| **COURTNEY WILLIAMS and DEENA WILLIAMS,** | **CASE NO. 08-2284-8-JRL** |
| Debtors. | **Chapter 7** |
| **JAMES B. ANGELL, Trustee for COURTNEY WILLIAMS and DEENA WILLIAMS,** | |
| Plaintiff, v. | |
| **WILLIAM ECHOLS, Trustee and WELLS FARGO BANK, N.A., BENEFICIARY Under that Certain Deed of Trust recorded at Book 2199, page 477, Brunswick County Register of Deeds,** | **ADVERSARY PROCEEDING NO.: 08-00099-8-JRL** |
| Defendants/Third-Party Plaintiffs v. | |
| **STATE EMPLOYEES CREDIT UNION, PHILIP GREER, Trustee, SHERVIN TAHSSILI, SANDMAN & ROSEFIELDEKELLER, Trustee, DIANEY LOREY, MATTHEW NESTOR, Trustee, BRANCH BANKING & TRUST COMPANY, BB&T COLLATERAL SERVICE CORPORATION, Trustee, THE BROOK FAMILY TRUST, JAMES PREVATTE, JR., Trustee, COURTNEY WILLIAMS and DEENA WILLIAMS.** | |
| Third-Party Defendants. | |

**ORDER REGARDING MOTION FOR STAY PENDING APPEAL**

This case is before the court on the motion for stay pending appeal pursuant to Bankruptcy Rule 8005 filed by defendants William Echols and Wells Fargo Bank, N.A. (the "defendants"). A hearing took place in Raleigh, North Carolina on February 4, 2010.

As husband and wife, the debtors, Courtney and Deena Williams, filed a joint petition for relief under Chapter 7 of the Bankruptcy Code on April 3, 2008. On November 12, 2004, prior to filing their petition, the debtors purchased real property located at 108 Sellers Street, Oak Island, North Carolina (the "property"). Both debtors are named on the deed to the property as grantees and the property is owned by the debtors in tenancy by the entirety.

On July 27, 2005, a deed of trust prepared by Wells Fargo Bank was recorded with the Brunswick County Register of Deeds purporting to grant a security interest in the property from Courtney Williams, the borrower, to Wells Fargo, the lender. However, the deed of trust was signed only by "Courtney B. Williams, a married person," and not by his wife, Deena Williams. Mr. Williams testified under oath at the debtors' § 341 meeting on May 19, 2008 that he intentionally left his wife off the loan documents because she did not have any income.

On June 30, 2008, James B. Angell, Chapter 7 trustee for the debtors ("trustee"), filed a complaint against the defendants to determine the validity, priority, and extent of the deed of trust. The trustee filed a motion for summary judgment on July 21, 2008. On January 28, 2009, this court entered an order granting summary judgment in favor of the trustee, ruling that the deed of trust was void pursuant to N.C. GEN. STAT. §39-13.6(a) because Mrs. Williams did not execute the deed of trust. The court also refused to allow reformation because no mutual mistake existed and because as a bona fide purchaser, the trustee's rights intervened to prevent

reformation pursuant to 11 U.S.C. § 544(a)(3).

The defendants then filed a notice of appeal and a motion to set aside the order granting summary judgment on February 4, 2009 and February 12, 2009, respectively. The motion to set aside was denied by this court on April 1, 2009 because the defendants did not proffer additional evidence that was not available at the earlier hearing and did not exercise their right to request additional time to conduct discovery. The defendants filed a second notice of appeal on April 9, 2009.

On November 18, 2009, the court confirmed a sale of the property by the trustee to a third party free and clear of liens pursuant to 11 U.S.C. § 362(f); the proceeds have been placed in trust. The defendants' motion to stay pending appeal was filed on November 23, 2009. Specifically, the defendants request that the court prevent the trustee from disbursing the proceeds of the sale pending resolution of their appeal.

## DISCUSSION

The hardship balancing test has been adopted in the Fourth Circuit to govern the granting of a stay pending appeal. In re Convenience USA, Inc., 290 B.R. 558, 562 (Bankr. M.D.N.C. 2003); Direx Israel, Ltd. v. Breakthrough Medical Corp., 952 F.2d 802, 811 (4th Cir. 1991). Under the test, the party seeking the stay must show: (1) that it will suffer irreparable injury if the stay is denied; (2) that other parties will not be substantially harmed by the stay; (3) that it will likely prevail on the merits of the appeal; and (4) that the public interest will be served by granting the stay. In re Wilson, 233 B.R. 915, 917 (M.D.N.C. 1998); Long v. Robinson, 432 F.2d 977, 979 ( 4th Cir. 1970). However, the likelihood of success the moving party must demonstrate varies inversely with the degree of injury it will suffer without a stay. In re

3

Convenience USA, Inc., 290 B.R. at 562.  If the balance of harm tips decidedly toward the moving party, then it need not show as strong a likelihood of success on the merits as when the balance tips less decidedly.  Id.  Accordingly, in analyzing the above factors, the court balances the hardships to the parties prior to determining how strong a showing of success is required by the moving party.  Id.

In this case, the defendants have not asserted adequate grounds that they will suffer irreparable harm if their motion is denied.  In support of their motion, the defendants' only argument is that disbursement of the proceeds of sale will moot their appeal.  On the contrary, the court finds that disbursement of the proceeds will not have such an effect.  State Employees' Credit Union ("SECU"), the second lienholder, was not a bona fide purchaser of the property and, as a defendant in this action, is fully aware that Wells Fargo purports to have a first priority lien on the proceeds of the sale. If SECU accepts any of the sales proceeds from the trustee, it does so with knowledge that it would be required to disgorge the disbursement should the defendants prevail in their appeal.  Lienholders of lower priority have the same knowledge.  The defendants did not advance any argument that disgorgement would be an insufficient remedy in their motion or at the hearing.   As such, the court finds that the defendants have failed to demonstrate they will suffer a sufficient degree of injury without imposition of a stay pending appeal.

Recognizing that the hardship balancing test permits a party that is unable to demonstrate irreparable injury if the stay is denied to compensate by demonstrating a strong likelihood of success on the merits, the court also considers whether the defendants are likely to prevail on the merits of their appeal.  In this case, however, the defendants failed to demonstrate that they have

even a minimal chance of success.  They do not contest that it was Mr. Williams's intention to leave his wife off the deed of trust and have not presented any evidence that would allow for a finding of mutual mistake, assuming the defendants are successful in arguing that N.C. GEN. STAT. §39-13.6(a) does not void the deed of trust.

For the reasons stated herein, the court finds that the defendants have not asserted adequate grounds for a stay pending appeal and the motion is **DENIED**.

**"END OF DOCUMENT"**