IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CV-136-D

JAMES B. ANGELL, Chapter 7　　　　　)
Trustee for Courtney B. Williams,　　　　)
and Deena L. Williams,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Appellees,　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　)　　**ORDER**
　　　　　　　　　　　　　　　　　　)
WILLIAM R. ECHOLS, TRUSTEE,　　　　)
and WELLS FARGO BANK, N.A.,　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Appellants.　　　)

　　　　William R. Echols and Wells Fargo Bank, N.A. appeal the bankruptcy court's order granting summary judgment to James B. Angell, Chapter 7 Trustee, and denying relief under Rule 60(b) of the Federal Rules of Civil Procedure. As explained below, the bankruptcy court's judgment is affirmed.

I.

　　　　On June 30, 2008, James B Angell, Chapter 7 Trustee ("Trustee" or appellee) for Courtney B. Williams ("male debtor") and Deena L. Williams ("female debtor") (collectively "the debtors") commenced an adversary proceeding against William R. Echols, Trustee ("Echols") and Wells Fargo Bank, N.A. ("Wells Fargo") (collectively "appellants"). The Trustee claimed the deed of trust purporting to grant a security interest in the debtors' Oak Island property was invalid and sought to recover the debtors' mortgage payments made during the 90-day period before the filing of the bankruptcy petition [D.E. 3–7]. Compl. 2–3. On July 21, 2008, the Trustee filed a motion for

summary judgment [D.E. 3–14]. On July 31, 2008, Wells Fargo answered the complaint, asserted a counterclaim, and brought a quiet-title action against other potential lien holders [D.E. 3–17]. On August 11, 2008, Wells Fargo responded to the motion for summary judgment [D.E. 3–33]. Thereafter, the parties filed supplemental briefs, affidavits, and exhibits [D.E. 3–48 to 3–54]. Both parties responded with motions to strike. The bankruptcy court continued the summary judgment hearing until December 4, 2008, stating a "preference to hear summary judgment motions on a full record that has been thoroughly briefed by all parties" [D.E. 3–55]. Both parties followed this order with another flurry of briefs, affidavits, and additional motions to strike [D.E. 3–59 to 3–66].

On December 4, 2008, the bankruptcy court held a hearing on the summary judgment motion and the various motions to strike. On December 5, 2008, the bankruptcy court denied all motions to strike [D.E. 3–67]. On January 28, 2009, the bankruptcy court granted the Trustee's motion for summary judgment [D.E. 3–68]. On February 4, 2009, Wells Fargo appealed the grant of summary judgment [D.E. 1–1]. On February 12, 2009, Wells Fargo filed a motion for relief requesting the bankruptcy court to set aside the grant of summary judgment [D.E. 3–71]. Wells Fargo attached to its motion new documentary evidence, specifically the closing statement and supplemental closing instructions. On March 24, 2009, the bankruptcy court held a hearing on the motion for relief. On April 1, 2009, the bankruptcy court denied the motion [D.E. 3–75]. On April 9, 2009, Wells Fargo appealed the denial of the motion for relief [D.E. 1–2].

II.

This court has jurisdiction over this bankruptcy appeal under 28 U.S.C. § 158(a)(1). On appeal, the bankruptcy court's conclusions of law are reviewed de novo and its factual findings are reviewed for clear error. See, e.g., In re Kirkland, 600 F.3d 310, 314 (4th Cir. 2010).

Initially, the court addresses the Trustee's motion to strike. On August 9, 2010, Wells Fargo filed its brief, including exhibit A, which purports to be a power of attorney that the female debtor executed on September 9, 2004, which granted power of attorney to the male debtor. On September 13, 2010, the Trustee moved to strike exhibit A and all portions of Wells Fargo's brief relying on it. The Trustee argues that the power of attorney was not in the record in the bankruptcy court when it granted summary judgment and should be stricken. In response, Wells Fargo concedes the power of attorney was not in the record in the bankruptcy court, but argues that the record in the bankruptcy court mentioned the power of attorney, and therefore this court should consider it.

Federal Rule of Appellate Procedure 10(a) limits the composition of the record on appeal to "the original papers and exhibits," "the transcript of proceedings," and "the docket." Fed. R. App. P. 10(a). Thus, "in reviewing a bankruptcy case on appeal, a district court can consider only that evidence which was presented before the bankruptcy court and made part of the record." In re Bartlett, 92 B.R. 142, 143 (E.D.N.C. 1988); see Union Bank v. Blum, 460 F.2d 197, 202 (9th Cir. 1972); In re Moss, 266 B.R. 697, 702 (B.A.P. 8th Cir. 2001); Arcari v. Marder, 225 B.R. 253, 256 (D. Mass. 1998). "Because [courts] review appeals from summary judgment only upon the record available to the [lower] court," it is improper to supplement the record with additional evidence. Aquino v. Stone, 957 F.2d 139, 144 n.2 (4th Cir. 1992). "Any reference to material not in the agreed record for appeal, much less its inclusion in a brief filed with the Court, is both improper and censurable." United States v. Anderson, 481 F.2d 685, 702 n.19 (4th Cir. 1973).

The court rejects Wells Fargo's attempt to supplement the record with an exhibit not before the bankruptcy court and grants the motion to strike. See Fed. R. App. P. 10(a); Aquino, 957 F.2d at 144 n.2; Anderson, 481 F.2d at 702 n.19; Union Bank, 460 F.2d at 202; In re Bartlett, 92 B.R. at 143; In re Moss, 266 B.R. at 702; Arcari, 225 B.R. at 256. In reaching this conclusion the court

3

rejects Wells Fargo's argument that because the briefs in the bankruptcy court mentioned a power of attorney, the court may consider it. A reference in a brief to some document not in the record does not make that document part of the record. This principle makes sense. For example, when a document is not part of the record, a court cannot review it, interpret it, or make intelligent decisions about it. No trial court, particularly a busy bankruptcy court, can or should be expected to divine the terms of a document from passing references to its existence and then be expected to make a decision based on such a document. If a party wants a bankruptcy court to consider a document, the party should take the elementary steps necessary to make the document part of the record. If a party fails to do so, the party will bear the consequences. Here, Wells Fargo did not make the power of attorney part of the record and may not cure the defect on appeal.

Alternatively, Wells Fargo asks this court to take judicial notice of the power of attorney. Although a court may take judicial notice of adjudicative facts at any stage of proceedings, Fed. R. Evid. 201(f); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989), this court declines to take judicial notice of the power of attorney. See Ohio Valley Envtl. Coal. v. Aracoma Coal Co., 556 F.3d 177, 216 (4th Cir. 2009) ("The parties clearly and reasonably disagree about the meaning to be ascribed to these new . . . documents, and we therefore decline to judicially notice them."). Judicial notice should not be taken on appeal if doing so would undermine the lower court's factfinding authority. See id.; In re Indian Palms Assocs., Ltd., 61 F.3d 197, 205 (3d Cir. 1995). "Rather, an appellant must bear the burden of a factual record that is incomplete on the issues [it] raises." Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1000 (9th Cir. 2006) (quotation omitted). Furthermore, refusing to consider the power of attorney will not result in the miscarriage of justice. Accordingly, the Trustee's motion to strike is granted, and the court shall disregard the September 9, 2004 power of attorney and any arguments based on the power of attorney.

III.

On November 12, 2004, Capital Improvements of NC, LLC deeded real property to the debtors as tenants by the entirety, who then granted a purchase-money mortgage to Branch Banking and Trust Company ("BB&T"). On July 27, 2005, the male debtor alone executed a new note and deed of trust in favor of defendant Echols as trustee for the benefit of Wells Fargo. This mortgage replaced BB&T as mortgagee with Wells Fargo. The male debtor, identified as "Courtney B. Williams, a Married Person," was the only grantor on the deed to Wells Fargo. Neither the female debtor's name, Deena L. Williams, nor her signature, appear anywhere on the face of the Wells Fargo mortgage deed of trust.

Effective April 3, 2008, the date of the filing of a bankruptcy petition, the Trustee became a hypothetical bona fide purchaser of real property, capable of avoiding certain obligations of the debtors. See 11 U.S.C. § 544(a)(3); In re Price, 562 F.3d 618, 624 (4th Cir. 2009). Among other things, the Trustee sought to avoid Wells Fargo's secured claim.

North Carolina law applies to the dispute concerning the deed. Title of property owned in tenancy by the entirety is held by "but one owner, and that is neither the [husband] nor the [wife], but both together." Johnson v. Leavitt, 188 N.C. 682, 685, 125 S.E. 490, 492 (1924). North Carolina is a "title theory" state, where the legal title of land vests in the mortgagee. Gregg v. Williamson, 246 N.C. 356, 358–59, 98 S.E.2d 481, 484 (1957). Therefore, a property owned in tenancy by the entirety maybe encumbered only with the written joinder of both spouses. See N.C. Gen. Stat § 39-13.6(a); First Nat'l Bank v. Hall, 201 N.C. 787, 789, 161 S.E. 484, 485 (1931). "They are both necessary to make one grantor, and the deed of either without the other is merely

void." Davis v. Bass, 188 N.C. 200, 206, 124 S.E. 566, 569 (1924) (quotation omitted).[1]

The female debtor's name does not appear on the face of the deed granting the mortgage to Wells Fargo. Moreover, even if the female debtor knew of the transaction, mere knowledge is insufficient to make her a party to the transaction. Clark v. Morris, 2 N.C. App. 388, 390–91, 162 S.E.2d 873, 874 (1968). In this case Wells Fargo "knew the property was owned by husband and wife, but . . . chose not to secure the wife's concurrence or signature . . . ." Id. at 391, 162 S.E.2d at 875. Thus, under North Carolina law, the deed is void. Furthermore, Wells Fargo cannot reform the deed to fix the defect, when (as here) the rights of an innocent, bona fide purchaser have intervened. See, e.g., Hice v. Hi-Mil, Inc., 301 N.C. 647, 653, 273 S.E.2d 268, 272 (1981); cf. 11 U.S.C. § 544(a); SunTrust Bank, N.A. v. Northen, 433 B.R. 532, 536 (M.D.N.C. 2010); New Home Bldg. Supply Co. v. Nations, 259 N.C. 681, 687, 131 S.E.2d 425, 429 (1963); Fifth Third Mortg. Co. v. Miller, 690 S.E.2d 7, 9–10 (N.C. Ct. App. 2010). Similarly, Wells Fargo's unilateral mistake of law also provides no basis for reformation. See, e.g., State Trust Co. v. Braznell, 227 N.C. 211, 214–15, 41 S.E.2d 744, 746–47 (1947); Durham v. Creech, 32 N.C. App. 55, 60, 231 S.E.2d 163, 167 (1997).

In support of reformation, Wells Fargo cites Mickel-Hopkins, Inc. v. Frassinetti, 278 F.2d 301 (4th Cir. 1960). In that case, the recorded document itself provided sufficient indication of the parties intended meaning. Id. at 304–05. Of course, "[i]t is not necessary . . . for a deed to be in any particular form in order to be valid so long as certain essential factors are present." James A. Webster, Webster's Real Estate Law in North Carolina § 10-5 (5th ed. 1999) (emphasis added). However, "[i]t is essential to the validity of a deed that it sufficiently describe or designate the person

---

[1] The purchase-money exception to this rule does not apply to this case. See N.C. Gen. Stat. § 39-13; Case v. Fitzsimons, 209 N.C. 783, 787 184 S.E. 818, 821 (1936).

6

granting the land so as to identify him as the grantor." 23 Am. Jur. 2d Deeds § 26 (1983). Here, the deed of trust does not suggest that the female debtor is party to the mortgage. Thus, unlike Mickel-Hopkins, the parties did not mutually fail to use a "precise formula of words." Mickel-Hopkins, Inc., 278 F.2d at 305. Rather, this case involves the unilateral omission of a grantor, which is fatal under North Carolina law. See, e.g., Davis, 188 N.C. at 206, 124 S.E. at 569.

Because the Trustee took as a bona fide purchaser without actual or constructive notice of Wells Fargo's security interest, reformation of the deed of trust is not appropriate. See, e.g., Hice, 301 N.C. at 653, 273 S.E.2d at 272. Accordingly, the court affirms the judgment for the Trustee.[2]

Next, Wells Fargo argues that the bankruptcy court erroneously considered the male debtor's testimony from the 341 meeting. Specifically, Wells Fargo contends that the evidence was filed two days before the summary judgment hearing and should not have been considered.

A trial court has discretion to consider late-filed evidence if it chooses to do so. See Orsi v. Kirkwood, 999 F.2d 86, 91 (4th Cir. 1993). A trial court abuses its discretion only when it acts arbitrarily or irrationally, fails to consider recognized factors constraining its discretion, or relies on erroneous factual or legal premises. See L.J. v. Wilbon, No. 09-2259, 2011 WL 228626, at *5 (4th Cir. Jan. 26, 2011). Furthermore, evidentiary rulings are subject to harmless error review. See U.S. ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002).

Here, the alleged late-filed evidence was a partial transcript of the male debtor's testimony at the meeting held pursuant to 11 U.S.C. § 341. The Trustee offered the partial transcript to show

---

[2] On appeal, Wells Fargo argues that the male debtor acted as the agent for the female debtor. However, issues raised for the first time on appeal will be considered only in very limited and exceptional circumstances. See United Rentals, Inc. v. Angell, 592 F.3d 525, 531 n.2 (4th Cir. 2010); Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993). Those limited and exceptional circumstances do not apply in this case. Thus, the court declines to consider the argument.

7

the intent of the male debtor at the time that he conveyed the deed of trust to Wells Fargo. The bankruptcy court did not abuse its discretion in deciding to consider the late-filed evidence. See In re Indian Palms Assocs., Ltd., 61 F.3d at 205–06 (4th Cir. 1995). Alternatively, the decision to consider the evidence was harmless. Even had the bankruptcy court not considered the evidence, the bankruptcy court's conclusions concerning the deed would not have changed.

Finally, Wells Fargo claims the bankruptcy court erred by denying its motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) & (6). This court reviews the bankruptcy court's decision under Rule 60(b) for abuse of discretion. Wilbon, 2011 WL 228626, at *5.

Rule 60(b)(1) allows a court to relieve a party from a final judgment for mistake, inadvertence, surprise, or excusable neglect. Rule 60(b)(6) allows a court to relieve a party from a final judgment for "any other reason that justifies relief." Before a court may grant relief under Rule 60(b), a movant must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (quoting Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)).

Wells Fargo argues that it was surprised by the issue of intent and the Trustee's filing of the transcript of the male debtor's testimony two days before the summary judgment hearing. At the Rule 60(b) hearing, Wells Fargo, for the first time, offered copies of the settlement statement and closing instructions bearing the signature of the female debtor as proof of her intent. At the Rule 60(b) hearing, Wells Fargo claimed that it was unable to offer the documents sooner because of the Trustee's surprise filing of the male debtor's testimony. The bankruptcy court rejected these arguments, finding that the "new" documents were in Wells Fargo's possession, that the male debtor's testimony was a matter of public record, that Wells Fargo did not ask for a continuance at

8

the summary judgment hearing, and that Wells Fargo did not follow the procedures outlined under Rule 56(f) to request additional time to conduct discovery. Thus, the bankruptcy court denied relief under Rule 60(b).

The bankruptcy court did not abuse its discretion in denying relief under Rule 60(b). Wells Fargo failed to meet its threshold burden of showing a meritorious defense to the underlying action. As noted, the deed could not be reformed. Thus, any surprise concerning the question of intent was harmless and relief from the judgment would be futile. Alternatively, Wells Fargo had ample time to prepare and file an affidavit under Rule 56(f). "[T]he failure to file an affidavit under Rule 56(f) is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate." Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002) (quotation omitted). Furthermore, the purpose of discovery is to allow a party to "compel the other to disgorge whatever facts he has in his possession." Hickman v. Taylor, 329 U.S. 495, 507 (1947). All three documents Wells Fargo claims discovery was necessary to obtain were in its possession or in the public record. Therefore, the bankruptcy court did not abuse its discretion in denying relief under Rule 60(b).

IV.

As explained above, the judgment of the bankruptcy court is AFFIRMED.

SO ORDERED. This 14 day of March 2011.

JAMES C. DEVER III
United States District Judge

9